Fred Hunzinger v. State of Nebraska.

Filed March 6, 1894.    No. 5352.

1. **Intoxicating Liquors**: License: Constitutional Law. The proviso in section 1, chapter 50, Compiled Statutes, 1893, that "*Provided*, Such [county] board shall not have power to issue any license for the sale of any liquors in any city or incorporated village, or within two miles of the same," is not obnoxious to any provision of the constitution, because the inhabitants living within two miles of the corporate limits of the cities and villages of the state, situated in counties not having 150,000 inhabitants, are, by such proviso, deprived of the privilege of having the sale of the liquors licensed within their territory.  *Pleuler v. State*, 11 Neb., 547, reaffirmed.

2. ———: License Law. The Legislature, in the exercise of the police power of the state, may not only control the license and sale of intoxicating liquor therein, but may entirely prohibit such license and sale.

3. ———: ———: Special Legislation. The proviso in said section 1 in said chapter 50, that "*Provided*, In counties having 150,000 inhabitants the county commissioners may also issue licenses within two miles of any city in said county," is not obnoxious to section 15 of article 3 of the constitution as assuming to "regulate county and township offices;" nor is said proviso obnoxious to said constitutional provision as class or special legislation.

4. **Special Legislation**: Constitutional Law. An act of the legislature will not be declared special legislation, within the meaning of the constitution, solely because at the time of its enactment there was only one county in the state to which its provisions were applicable. If the law is general in its terms, and restricted by its terms to no particular locality, and operates equally upon all of a group of objects, it is not a special law.  *McClay v. City of Lincoln*, 32 Neb., 412, followed.

5. **Violation of License Law**: Defense. To an indictment for selling liquors in this state without a license, it is no defense that such sale was made at a time or place or under circumstances which rendered the procurement of a license impossible.

Error to the district court for Douglas county.  Tried below before Davis, J.

*M. V. Gannon*, for plaintiff in error.

*George H. Hastings, Attorney General*, for the state.

RAGAN, C.

Fred Hunzinger was indicted in the district court of Douglas county for selling intoxicating liquors without having first procured a license therefor. Hunzinger pleaded guilty to the indictment, and the state put on record an admission that the sale was made within two miles of the corporate limits of the city of Omaha, in said county, but not within the limits of any incorporated city or village. Hunzinger then filed a motion in arrest of judgment, alleging that the statute on which the indictment was predicated was unconstitutional. The court overruled this motion and sentenced Hunzinger to pay a fine of $300 and costs, from which judgment Hunzinger comes here on error.

Section 1, chapter 50, Compiled Statutes, 1893, provides: "The county board of each county may grant license for the sale of malt, spirituous and vinous liquors, if deemed expedient; * * * *Provided,* Such board shall not have power to issue any license for the sale of any liquors in any city or incorporated village, or within two miles of the same; *Provided,* In counties having 150,000 inhabitants the county commissioners may also issue licenses within two miles of any city in said county." The provisions in the section just quoted are the ones said to be obnoxious to the constitution. The contention is that the second proviso is obnoxious to article 3, section 15, which provides that the legislature shall not pass special or local laws in certain named cases. It is argued that the second proviso of the section is special legislation, within the meaning of the constitution quoted above, as it assumes to regulate county and township offices. We are cited to no authority to support this contention, nor do we think any could be found. It must suffice to say, that, in our opinion, the proviso of

the statute is not obnoxious to the constitutional provision above quoted on that ground. Another objection to this second proviso is that by its terms it applies and can only apply to Douglas county and for that reason is special or class legislation. In *McClay v. City of Lincoln*, 32 Neb., 412, a law which exempted cities of the state from giving an appeal bond in actions appealed by them from the courts was held not to be obnoxious to the constitutional provision above, as being special legislation, the court holding that a law framed in general terms, restricted to no locality and operating equally upon all of a group of objects, was not a special law. In *State v. Graham*, 16 Neb., 34, this court held that classification of the cities of the state into classes and sub-classes, and the conferring upon them of powers of a general nature by act of the legislature, the provisions of which act were applicable to but one of such classes or sub-classes of cities, was not repugnant to any provision of the constitution. It is not thought that the decision of the court would have been different had the law, considered in the case last cited, been made applicable to cities having certain populations without designating them as of any class.

Section 12, chapter 2, Compiled Statutes, 1893, provides: " Whenever twenty or more persons, residents of any county in this state, shall organize themselves into a society for the improvement of agriculture within said county, and shall have adopted a constitution and by-laws agreeable to the rules and regulations furnished by the state board of agriculture, and shall have appointed the usual and proper officers, and when the said society shall have raised and paid into the treasury, by voluntary subscription or by fees imposed upon its members, any sum of money, in each year not less than $50, and whenever the president of such society shall certify to the county clerk the amount thus paid, it shall be the duty of the county board of said county to order a warrant drawn on

NEBRASKA REPORTS. [VOL. 39

the general fund of said county in favor of the president
of said society for a sum equal to three cents on each in-
habitant of said county, upon a basis of the last vote for
member of congress, allowing five inhabitants for each
vote thus cast, and it shall be the duty of the county
board of said county to include this three cents per capita
in their annual estimate, and it shall be the duty of the
treasurer of the county to pay the same out of the general
fund." * * * An agricultural society in Custer county,
having complied with this statute, requested the board of
supervisors of said county to include the three cents per
capita in their annual estimate of expenses for the year
1892. The supervisors refused to do this, and the agricult-
ural society applied to this court for a *mandamus* to
compel them to perform the request. Mr. Justice Post,
delivering the opinion of this court in the case (*State v.
Robinson,* 35 Neb., 401), said: "It is urged as an objection
to the law that it contravenes section 15, article 3 of the con-
stitution, which provides: 'The legislature shall not pass
local or special laws * * * granting to any corpora-
tion, association, or individual any special or exclusive
privileges, immunity, or franchise whatever.' We are
unable to perceive wherein the law is susceptible of such a
construction. The limitation contained in the above sec-
tion of the constitution was evidently intended as a remedy
for the evil of special legislation, and cannot, by any rea-
sonable or natural construction, be held to apply to the act
under consideration. It has been frequently held by this
court that a law which is general and uniform throughout
the state, and operates alike upon all persons or localities
which come within the relations and circumstances pro-
vided for, is not objectionable to the constitution or want-
ing in uniformity." The proviso of the statute assailed in
this case as unconstitutional is uniform in its application to
all counties of the state having 150,000 inhabitants, and
is not special or class legislation, because at the time the

act went into effect there was but one county in the state to which it applied.

It is also argued that the first proviso in said section 1 is unconstitutional because it arbitrarily prohibits the sale of intoxicating liquors within the radius of two miles of all the cities and villages in the state situated in counties not having 150,000 inhabitants. This proviso was passed upon by this court in *Pleuler v. State*, 11 Neb., 547, and declared to be constitutional. With the reasoning and the conclusion in that case we are entirely satisfied. We are urged by the counsel for plaintiff in error to declare this first proviso unconstitutional, because counsel says that the residents and citizens within two miles of the cities and villages of the state, in counties not having 150,000 inhabitants, by reason of this law are deprived of the rights and privileges of other citizens of the state. This is a political argument which should be addressed to the legislature; and, if so addressed by those citizens of the state whose rights and privileges, it is said, are denied, would doubtless be heeded. This argument, to say the least, is remarkable; and, so far as we know, is the first record of a willingness intimated by the traffickers without license in intoxicating drinks to immolate themselves upon the altar of liberty to protect the rights and privileges of the citizen from the encroachments of a tyrannical legislature. But this argument—if it is not undignified to say so—reminds us of the complaint made by the wolf to the farmer because the shepherd refused the lambs the right and the privilege of grazing in the woods instead of in the pastures.

Section 11 of said chapter 50 provides: "All persons who shall sell or give away upon any pretense, malt, spirituous, or vinous liquors, or any intoxicating drinks, without having first complied with the provisions of this act and obtained a license as herein set forth, shall for each offense be deemed guilty of a misdemeanor." And we agree with the honorable the attorney general that this

46

proceeding in error is entirely without merit. If the act assailed as unconstitutional were so, the judgment would still have to be affirmed. It would be no defense to the plaintiff in error for selling liquor in this state without a license that he made such sale at a time or place or under circumstances which rendered it impossible for him to procure a license to make such sale. (*Kadghin v. City of Bloomington*, 58 Ill., 229 ; *State v. McNeary*, 88 Mo., 143.)

Under any view of the case that may be taken, the judgment of the district court was right and the same is

AFFIRMED.