INSURANCE COMPANY OF NORTH AMERICA V. HENRY BACHLER..

FILED APRIL 4, 1895.  No. 6124.

1. **Insurance:** EFFECT OF INCUMBRANCE. An insurance contract provided that the policy should be void if the insured should fail to make known every fact material to the risk, including the amount of incumbrance, if any, on the insured property, whether interrogated with reference thereto or not. In a suit on such policy the insurer interposed the defense that the policy sued on never took effect, because at the date of its issuance there was an outstanding mortgage against the real estate of which the insurer had no knowledge. The application for the insurance was oral. No inquiries were made by the agent of the insurer as to the condition of the title to the property. The insured said nothing about the existence of the mortgage, but he kept silent because he did not know that it was his duty to disclose its existence. He did not keep silent from any sinister motive or with the intention on his part to deceive or mislead the insurer. *Held*, (1) That the existence of the mortgage on the insured prop-

erty was a fact material to the risk ; (2) that the insured's acceptance of the policy under the circumstances was not a representation that the insured property was free from incumbrance; (3) that the silence of the insured under the circumstances was not a misrepresentation as to the condition of his title.

2. ———: EXISTENCE OF MORTGAGE: VALIDITY OF POLICY. Where the insured was not questioned as to incumbrances on his property, and did not intentionally conceal the facts, the existence of a mortgage thereon does not invalidate the policy. Following *Vankirk v. Citizens Ins. Co.*, 48 N. W. Rep. [Wis.], 798.

3. Review: ADMISSION OF IRRELEVANT EVIDENCE: FAILURE TO OBJECT. Assignments of error that a verdict rendered is not supported by sufficient evidence, and the judgment pronounced thereon is contrary to the law of the case, cannot be sustained because certain evidence admitted without objection on the trial was irrelevant under the pleadings. *Omaha Fire Ins. Co. v. Dierks*, 43 Neb., 473, followed.

4. Insurance: BUILDINGS. Insurance upon a building is insurance upon a building as such and not upon the materials of which it is composed. *German Ins. Co. v. Eddy*, 36 Neb., 461, followed.

5. ———: TOTAL LOSS. To sustain the finding of a jury that a building destroyed by fire was a total loss within the meaning of the statute it is not necessary that the evidence should show that the material of which such building was composed was by the fire transformed into cinders, smoke, and ashes.

6. Contracts to Arbitrate: DEFENSE TO ACTION. If parties to a contract agree if a dispute arise between them that such dispute shall be submitted to arbitrators, refusal to arbitrate or no arbitration is not a defense to an action brought on such contract by one of the parties thereto. *National Masonic Accident Association v. Burr*, 44 Neb., 256, and cases there cited followed.

7. Costs : TAXATION: REVIEW. In order to review the question of retaxation of costs a motion to retax the costs must be made to the trial court and a ruling had thereon by that court. *Real v. Honey*, 39 Neb., 516, followed.

8. Valued Policy Act: COSTS: ATTORNEYS' FEES: CONSTITUTIONAL LAW. Section 45, chapter 43, Compiled Statutes, 1893, construed, and *held*, (1) that the courts of the state, by virtue of said section, have the power, upon rendering judgment against an insurance company on a policy of insurance on real property, to allow the plaintiff in the action a reasonable sum as an attorney's fee, to be taxed as part of the costs in the case (*Han-*

*over Fire Ins. Co. v. Gustin*, 40 Neb., 828, followed) ; (2) that the subject-matter of said section is not embraced within the prohibitions of section 15, article 3, of the constitution, (3) and is not, therefore, prohibited as special legislation; (4) that as said section is general and uniform throughout the state and operates alike upon all persons and localities of a class, it is not obnoxious to the constitution as being class legislation.

9. Insurance: VALUED POLICY ACT: CONTRACTS TO LIMIT LIABILITY. Where real property is wholly destroyed by fire, any provision of a policy of insurance covering such property which in any manner attempts to limit the amount of the loss to less than the sum written in the policy is in conflict with the statutory rule, invalid, and will not be enforced. *Home Fire Ins. Co. v. Bean*, 42 Neb., 537, followed and reaffirmed.

ERROR from the district court of Otoe county. Tried below before CHAPMAN, J.

The opinion contains a statement of the case.

*Jacob Fawcett*, for plaintiff in error:

The action must fail, because there was a mortgage upon the insured premises at the time of the fire, the existence of which had not been disclosed to the company. (*Waller v. Northern Assurance Co.*, 10 Fed. Rep., 232; *Bowman v. Franklin Fire Ins. Co.*, 3 Ins. L. J. [Md.], 935; *Hinman v. Hartford Fire Ins. Co.*, 36 Wis., 159.)

The right of an insurance company to insist upon an appraisal as a condition precedent to the commencement of a suit, where the policy contains such a provision, is now the settled law of the land. (*Redell v. Kennedy*, 16 N. E. Rep. [N. Y.], 326; *Knoche v. Chicago, M. & St. P. R. Co.*, 34 Fed. Rep., 471; *Doyle v. Patterson*, 6 S. E. Rep. [Va.], 138; *Herrick v. Belknap*, 27 Vt., 673; *Delaware & Hudson Canal Co. v. Pennsylvania Coal Co.*, 50 N. Y., 250; *Holmes v. Ritchet*, 56 Cal., 307; *Faunce v. Burke*, 16 Pa. St., 480; *Reynolds v. Caldwell*, 51 Pa. St., 298; *Flaherty v. Germania Ins. Co.*, 7 Ins. L. J. [Pa.], 226; May, Insurance, sec. 493; *Reed v. Washington Fire & Marine Ins.*

*Co.*, 14 Ins. L. J. [Mass.], 465; *Scott v. Avery*, 5 H. L.
Cas. [Eng.], 811; Myers, Federal Decisions, p. 1036, sec.
72; Wood, Insurance, p. 757; *Scottish Union & Nat. Ins.
Co. v. Clancy*, 8 S. W. Rep. [Tex.], 630; *German-Ameri-
can Ins. Co. v. Steiger*, 109 Ill., 254; *United States v.
Robeson*, 9 Pet. [U. S.], 319; *Lovejoy v. Hartford Fire Ins.
Co.*, 11 Ins. L. J. [Ill.], 186; *Gasser v. Sun Fire Office*,
19 Ins. L. J. [Minn.], 243; *Sullivan v. Sussong*, 9 S. E.
Rep. [S. Car.], 156; *Johnson v. American Fire Ins. Co.*,
43 N. W. Rep. [Minn.], 59; *Chippewa Lumber Co. v.
Phenix Ins. Co.*, 44 N. W. Rep. [Mich.], 1055; *Pioneer
Mfg. Co. v. Phœnix Assurance Co.*, 10 S. E. Rep. [N.
Car.], 1057; *Hamilton v. Liverpool Ins. Co.*, 136 U. S.,
254; *Mossness v. German-American Ins. Co.*, 52 N. W. Rep.
[Minn.], 932.)

*E. F. Warren*, also for plaintiff in error.

*John C. Watson*, *contra*:

If an insurance company elects to issue a policy without
an application, or any representations concerning title, it
cannot, after loss, complain that insured's interest was not
correctly stated in the policy, or that an existing incum-
brance was not disclosed. (*Western Assurance Co. v. Ma-
son*, 5 Bradw. [Ill.], 141; *Hartford Fire Ins. Co. v. Haas*,
8 Ky., 610; *Washington Mills Emery Mfg. Co. v. Weymouth
& Braintree Mutual Fire Ins. Co.*, 135 Mass., 503; *Castner
v. Farmers Mutual Fire Ins. Co.*, 46 Mich., 15; *Traders
Ins. Co. v. Barracliffe*, 45 N. J. Law, 543; *Agricultural
Ins. Co. v. Yates*, 10 Ky., 984; *O'Brien v. Ohio Ins. Co.*,
52 Mich., 131; *Rawls v. American Life Ins. Co.*, 36 Barb.
[N. Y.], 357; *Pennsylvania Mutual Life Ins. Co. v. Wiley*,
100 Ind., 92; *Dilleber v. Home Life Ins. Co.*, 69 N. Y.,
256; *Higgins v. Phœnix Mutual Life Ins. Co.*, 74 N.Y., 9.)

Valued policy laws are held to be valid and enforceable,
because based upon grounds of public policy and intended

to do away with great evils, mischiefs, and abuses that were subverting business morality and injuring business interests, and being founded upon such considerations, like all other private contracts, their provisions or terms cannot be waived, either by express stipulation or doubtful implication. (*Rielly v. Franklin Ins. Co.*, 43 Wis., 449; *Williams v. Hartford Ins. Co.*, 54 Cal., 442; Chitty, Contracts, 598; *Staines v. Wainright*, 6 Bing. N. C. [Eng.], 174; *Phalen v. Clark*, 19 Conn., 421; *Nellis v. Clark*, 4 Hill [N. Y.], 424; *Dodson v. Harris*, 10 Ala., 566; *Martin v. Wade*, 37 Cal., 168; *Hoover v. Pierce*, 27 Miss., 13; *Thompson v. Citizens Ins. Co.*, 45 Wis., 388.)

"Wholly destroyed" does not mean an absolute extinction by fire of the property. (*Williams v. Hartford Fire Ins. Co.*, 54 Cal., 442.)

The term "total loss" is a native of marine insurance, and the precedents for the construction of the valued policy laws were at least given color by this doctrine of total loss as founded in that branch of law. Here, it must be observed, as a very important factor, that a total loss may be either actual or constructive. (*Idle v. Royal Exchange Assurance Co.*, 8 Taunt. [Eng.], 755; *Cambridge v. Anderton*, 1 C. & P. [Eng.], 60; *Dyson v. Rowcroft*, 3 Bos. & P. [Eng.], 474; *Gordon v. Massachusetts Fire & Marine Ins. Co.*, 2 Pick. [Mass.], 249.)

When the loss is not absolutely total in the ordinary sense of the term, but occurred in such a manner that the insured is deemed to be justified in abandoning all efforts to save what remains, under the marine insurance law, upon a formal notice of abandonment of his interest to the underwriter, he is entitled to claim a total loss. (*Peele v. Merchants Ins. Co.*, 3 Mason [U. S.], 27; *Bradlie v. Maryland Ins. Co.*, 12 Pet. [U. S.], 397; *Coeplin v. Phœnix Ins. Co.*, 46 Mo., 211; *Ruckman v. Merchants Louisville Ins. Co.*, 5 Duer [N. Y.], 342; *The Brig Sarah Ann*, 2 Sum. [U. S.], 206; *Fulton Ins. Co. v. Goodman*,

32 Ala., 108; *German Ins. Co. v. Eddy*, 36 Neb., 461; *German Ins. Co. v. Penrod*, 35 Neb., 273.)

Insurance companies cannot nullify the effects of the valued policy law by inserting in their policy arbitration clauses. (*Hall v. People's Mutual Fire Ins. Co.*, 6 Gray [Mass.], 185; *Bartlett v. Union Mutual Fire Ins. Co.*, 46 Me., 500; *Reichard v. Manhattan Life Ins. Co.*, 31 Mo., 518; *Amesbury v. Bowditch Mutual Fire Ins. Co.*, 6 Gray [Mass.], 596; *Nute v. Hamilton Mutual Ins. Co.*, 6 Gray [Mass.], 174; *Indiana Mutual Fire Ins. Co. v. Routledge*, 7 Ind., 25.)

A provision of the policy which conflicts with the statutes of the state where the company is doing business is null and void. In such cases the statute enters into and becomes a part of the contract and controls any conflicting provisions in the policy. (*Fletcher v. New York Life Ins. Co.*, 13 Fed. Rep., 526; *Wall v. Equitable Life Assurance Society*, 32 Fed. Rep., 273; *Vore v. Hawkeye Ins. Co.*, 41 N. W. Rep. [Ia.], 309; *Reiner v. Dwelling House Ins. Co.*, 42 N. W. Rep. [Wis.], 208; *Sly v. Ottawa Agricultural Ins. Co.*, 29 U. C. C. P., 28; *Goring v. London Mutual Fire Ins. Co.*, 11 Ont. [Can.], 82; *Frey v. Mutual Fire Ins. Co.*, 43 U. C. Q. B., 102; *Sauvey v. Isolated Risk & Farmers Fire Ins. Co.*, 44 U. C. Q. B., 523.)

If the policy does not clearly indicate that arbitration and award are conditions precedent to any action on the policy, then it is bad, and an action may be brought at once. (*Birmingham Fire Ins. Co. v. Pulver*, 18 N. E. Rep. [Ill.], 804; *Gere v. Council Bluffs Ins. Co.*, 67 Ia., 272; *Reed v. Washington Fire & Marine Ins. Co.*, 138 Mass., 572; *Williams v. Hartford Ins. Co.*, 54 Cal., 442; *German-American Ins. Co. v. Steiger*, 109 Ill., 254; *Mark v. National Fire Ins. Co.*, 24 Hun [N. Y.], 565; *Liverpool, London & Globe Ins. Co. v. Creighton*, 51 Ga., 95; *Schollenberger v. Phœnix Ins. Co.*, 7 Ins. L. J. [Pa.], 697.)

If an arbitration clause seeks to oust the courts of juris-

diction by making the award of the arbitrators final, it is not binding on the assured. (*Case v. Manufacturers Fire & Marine Ins. Co.*, 21 Pac. Rep. [Cal.], 843; *German-American Ins. Co. v. Etherton*, 25 Neb., 505; *Crossley v. Connecticut Fire Ins. Co.*, 27 Fed. Rep., 30; *Lasher v. Northwestern National Ins. Co.*, 18 Hun [N. Y.], 98; *Mentz v. American Fire Ins. Co.*, 79 Pa. St., 478; *Trott v. City Ins. Co.*, 1 Cliff. [U. S.], 439; *Cobb v. New England Mutual Marine Ins. Co.*, 6 Gray [Mass.], 192; *Stephenson v. Piscataqua Fire & Marine Ins. Co.*, 54 Me., 55; *Allegre v. Maryland Ins. Co.*, 2 G. & J. [Md.], 136.)

In case of total loss arbitration cannot be made a condition precedent to action by the assured. (*Rosenwald v. Phenix Ins. Co.*, 3 N. Y. Supp., 215.)

In those states having a valued policy law the condition for arbitration is not binding on the assured in case of total loss. (*Thompson v. St. Louis Ins. Co.*, 43 Wis., 459; *Thompson v. Citizens Ins. Co.*, 45 Wis., 388.)

RAGAN, C.

To reverse a judgment pronounced against it by the district court of Otoe county in favor of Henry Bachler in a suit based on an ordinary fire insurance policy the Insurance Company of North America (hereainfter called the "Insurance Company") has prosecuted to this court proceedings in error.

1. The first assignment of error is that the district court erred in giving instructions numbered 1 to 10, both inclusive, upon its own motion; and the second assignment is that the court erred in refusing to give the instructions 1 to 11, both inclusive, requested by the plaintiff in error. The court did not err in giving all these instructions, nor err in refusing to give all the instructions asked for, and for that reason these assignments must be overruled.

2. No specific ruling of the district court in the admission or rejection of evidence is assigned as error in the pe-

tition in error filed here. Our examination of the record then is confined to the determination of whether the verdict pronounced by the jury is supported by sufficient competent evidence, and whether the judgment pronounced by the court is contrary to the law of the case.

3. The policy sued on was issued on the 1st day of October, 1889, and insured the property of Bachler from loss or damage by fire for one year. October 1, 1890, a renewal certificate was issued by the Insurance Company continuing the policy in force for another year, and on October 1, 1891, another renewal certificate was issued continuing the policy in force until October 1, 1892. On the 22d day of February, 1892, the insured property was destroyed by fire. At the time the policy was originally issued and at the time the policy was renewed on the 1st of October, 1891, there existed an unrecorded mortgage against the insured property. This mortgage was recorded in June, 1891, and was in existence and a lien upon the insured property at the time the policy was renewed October 1, 1891. The policy, among other provisions, contained the following: "The acquiring by a third party of an insurable interest in the property or any part thereof by virtue of a mortgage or a deed of trust executed by the assured subsequent to the date hereof  *   *   *   shall cause an immediate termination of this policy," etc. The argument here is that because of the existence of this mortgage on the insured property October 1, 1889, that the policy sued upon never took effect and never was in force, and as the mortgage still existed upon the property on the 1st of October, 1890, that the renewal certificate issued on that date continuing the policy in force for one year was without effect for that purpose. This is a violent construction of the contract. Its language is in effect that if the insured shall subsequent to the date of the issuance of the insurance policy mortgage the insured property, etc., that the execution of such mortgage shall terminate the policy.

The insured did not incumber this property by mortgage subsequent to the date of the renewal of the policy made the subject of this suit, namely, October 1, 1890, nor did he incumber this property subsequent to the time that the original contract of insurance was issued, to-wit, October 1, 1889. The fact that there existed a mortgage upon the property insured at the date of the issuance of the insurance contract did not itself prevent the policy from taking effect. The evidence shows, without conflict, that neither the original issuance of this policy nor either of its renewals were ba-ed on any written application made by the insured to the Insurance Company for the insurance; that the agent of the company at neither of said times made inquiries of the insured as to whether the property proposed to be insured was incumbered by a mortgage; that the agent of the Insurance Company at neither of said times knew of the existence of the mortgage upon the insured property; and that the insured at neither of said times informed the agent of the Insurance Company that the property was incumbered by a mortgage. But the evidence also warrants the conclusion that the insured was not actuated by any sinister motive in not disclosing to the agent of the Insurance Company the existence of this mortgage; that as he was not interrogated upon the subject he remained silent because he was ignorant of the fact that he was under any obligation to disclose the existence of the mortgage. The policy contained a provision that if the insured should " fail to make known every fact material to the risk, including the amount of incumbrance, if any, on said property, whether interrogated with reference thereto or not, this policy shall be void." It is now argued that the judgment under consideration here is contrary to the law of the case, because of the failure of the insured to inform the Insurance Company of the existence of this mortgage upon the insured property at the time the policy was originally issued, October 1, 1889, or at least at the date

when the renewal certificate was issued, October 1, 1891.
In support of this contention counsel cite us to *Waller v.
Northern Assurance Company*, 10 Fed. Rep., 232. The
provision in the policy made the subject of that action was
practically the same as the provision in the policy here,
and it appeared from the evidence that the only interest
the assured had in the property was that of a mortgagee.
It also appeared that at the time the insured applied for
the insurance no inquiries were made by the insurance
company's agent as to the title the insured had in the prop-
erty, and the insured made no representations as to the
character of his estate in the property which he desired in-
sured, and the court held, McCrary, C. J., delivering the
opinion, that it was the duty of the insured, when he ap-
plied for the insurance, to disclose the nature of his interest
in the insured property, whether or not any inquiry was
made of him on the subject. The case cited then appears
to sustain the contention of counsel.

Another case cited by counsel is *Becker v. Hibernian
Ins. Co.*, 44 Ind., 95. We have been unable to find this
case. Certainly there is no such case in the 44th Indiana.

Another case cited in support of this contention is *Hin-
man v. Hartford Fire Ins. Co.*, 36 Wis., 159. In that
case the insured made and signed an application in writing
to the insurance company for the insurance, in which ap-
plication were the following questions and answers: "Q.
Is the property mortgaged? A. No. Q. Are you the
sole and undisputed owner of the property to be insured?
A. Yes. Q. Do you own the ground on which the build-
ing stands? A. By contract." The policy contained a
provision that if the assured in his application had made
any erroneous representation, or had omitted to make
known any fact material to the risk, or if the insured was
not the sole and unconditional owner of the property in-
sured, or of the land on which the building stood, that the
policy should be void. The undisputed evidence at the

trial showed that at the time the policy was issued that the
insured had no title whatever to the real estate, but was in
possession thereof under a contract of purchase. The
court held that the answers of the insured, taken together,
were equivalent to a statement that although he held the land
and building under a contract of purchase, yet no person
other than himself had any substantial interest in them;
that he had fully paid for the land and was the equitable
owner, with the right to enforce a conveyance to himself of
the legal title; that such representation was material and
false, and rendered the policy void. It will thus be seen
that the decision in the case last cited is not applicable to
the facts of the case under consideration. Counsel also
cite us to *Pennsylvania Ins. Co. v. Gottsman*, 48 Pa. St.,
151, and *Brown v. Commonwealth Ins. Co.*, 41 Pa. St.,
187. We have not examined these authorities, but as-
sumed for the purposes of this case that they support the
contention of counsel.

The rule laid down in the case in 10 Fed. Rep., *supra*,
is far away from the weight of authority on the question
under consideration. The true rule, we think, and the one
supported by the decided weight of authority, was an-
nounced by the supreme court of Wisconsin in *Vankirk v.
Citizens Ins. Co. of Pittsburgh*, 48 N. W. Rep. [Wis.], 798,
in the following language: "Where the assured was not
questioned as to incumbrances on his property, and did not
intentionally conceal the facts, the existence of a mortgage
thereon does not invalidate the policy." To the same effect
see *Alkan v. New Hampshire Ins. Co.*, 10 N. W. Rep.
[Wis], 91. This is also the rule in Michigan. (See *Cast-
ner v. Farmers Mutual Ins. Co.*, 8 N. W. Rep. [Mich.],
554.) *O'Brien v. Ohio Ins. Co.*, 17 N. W. Rep. [Mich.],
726, where it was held: "Where insurance is applied for
orally, and the applicant is unaware of any provision in
the policy regarding incumbrances, and is not guilty of any
misleading conduct, his bare silence cannot be deemed a

misrepresentation; and if the agent in such a case did not read the policy to the applicant or call his attention to the clause relating to incumbrances, the existence of a mortgage would be no impediment to a recovery from the insurance company." See, also, *Guest v. New Hampshire Fire Ins. Co.*, 33 N.W. Rep. [Mich.], 31, where it was held: "A mere failure of the assured to mention incumbrances on the insured property, if not inquired about, where the application for insurance is oral, and no deceit is practiced, will not vitiate the policy." It is also the rule in Massachusetts. (See *Washington Mills Emery Mfg. Co. v. Weymouth & Braintree Mutual Fire Ins. Co.*, 135 Mass., 503.) It is also the rule in New Jersey. (See *Trade Ins. Co. v. Barracliffe*, 45 N. J. Law, 543.) In Wood, Insurance, it is stated that when no inquiries are made the intention of the assured becomes material, and to avoid the policy it must be found not only that the matter was material, but also that it was intentionally and fraudulently concealed.

We conclude, therefore, that Bachler's failure to inform the agent of the Insurance Company of the existence of the mortgage upon the insured property either at the date that the policy was issued or renewed did not vitiate the policy or prevent its going into effect. It is not doubted that the existence of the mortgage on the property was a fact material to the risk. But the application for this insurance was oral. No inquiries were made by the agent of the Insurance Company as to the condition of the title to the property; and Bachler said nothing about the existence of the mortgage for the reason that he did not know that it was his duty to disclose the existence of the mortgage. It is not pretended that Bachler kept silent from any sinister motive or with any intention on his part to deceive or mislead the Insurance Company. In other words, Bachler's acceptance of the policy was not under the circumstances a representation that the insured property was free from the mortgage; nor was his silence under the circumstances a misrepresentation as to the condition of his title.

4. Another argument under this head is this: The Insurance Company, in its answer, set up as a defense to the suit the existence of this mortgage on the insured property at the date that the policy was originally issued and at the dates of its renewal. The reply to this defense was a general denial. The undisputed evidence is, as already seen, that the mortgage was on the property when the policy was originally issued and at each of the times when it was renewed, and the contention is that, therefore, the judgment pronounced is contrary to the law and evidence of the case; but this is in effect saying that the district court erred in permitting the insured to prove the circumstances under which the policy was issued and renewed, that the application for the insurance was oral, that the Insurance Company had no knowledge of the existence of the mortgage, made no inquiries respecting it, and the insured on his part did not know that it was his duty to communicate the existence of the mortgage to the insurance agent and made no disclosure of the existence of the mortgage for that reason. This precise question arose and was decided in *Omaha Fire Ins. Co. v. Dierks*, 43 Neb., 475, and it was there held that if such evidence was irrelevant under the pleadings, counsel for insurance company should have objected to the ruling of the district court on that ground, and then specifically assigned the ruling of the district court in admitting such evidence in his petition in error.

5. The next argument is that the verdict that the insured property was wholly destroyed by fire is not supported by sufficient evidence. This was purely a question of fact for the jury, and while there is some conflict in the evidence, we cannot say that the verdict lacks sufficient evidence to support it. The insured building was a frame structure, the rear wall of which was veneered with brick. The evidence does not show that the material of which the building was composed was transformed by the fire into cinders, smoke, and ashes; nor is it necessary that the evidence

40

should so show, in order to support the jury's finding, that the loss was total. We conclude from the evidence in the record, included in which evidence is a photograph of the premises immediately after the fire, that the insured premises was reduced to a wreck by the fire; that what remained of the building was practically valueless. There were some boards and some bricks and some pieces of material and parts of the floors and walls that were not consumed, but after the fire the building insured did not exist as a building. An insurance upon a building is an insurance upon a building as such, and not upon the materials of which it is composed. (*Williams v. Hartford Ins. Co.,* 54 Cal., 442; *German Ins. Co. v. Eddy,* 36 Neb., 461.)

6. The policy in suit contained this provision: "If differences shall arise between the parties hereto as to the amount of any loss or damage, * * * the matter shall, at the written request of either party, be submitted to three impartial arbitrators, each party to choose one, and the two so chosen to choose the third, whose award, in writing, signed by a majority of the arbitrators, shall be binding on the parties as to the amount of such loss or damage, but shall not decide the legal liability of the company under this policy. And in such case of disagreement, the determination of the amount of the loss or damage sustained by arbitrators as aforesaid shall be a condition precedent to the right of the assured, or either party, to institute proceedings at law for the recovery of the claim hereunder." One of the defenses interposed by the Insurance Company to this action was that a disagreement arose between it and Bachler as to the amount of the loss or damage he had sustained by reason of the fire; that the Insurance Company, in pursuance of the provision of the policy just quoted, requested, in writing, of Bachler that the amount of such loss or damage might be arbitrated, and that Bachler had refused to submit the amount of loss or damage he had sustained by the fire to arbitration. Assuming that the evi-

dence in the record sustains without conflict the contention
of the Insurance Company that it demanded that the
amount of the loss or damage sustained by Bachler on ac-
count of the fire should be submitted to arbitration and,
that he had refused to arbitrate it, the defense must fail.
This precise question was decided adversely to the conten-
tion of the plaintiff in error in *German-American Ins. Co.*
*v. Etherton*, 25 Neb., 505, and again decided in *German*
*Ins. Co. v. Eddy*, 36 Neb., 461.    The question was again
considered in *Home Fire Ins. Co. v. Bean*, 42 Neb., 537.
The court, speaking through HARRISON, J., said: "A pro-
vision in a policy that no suit or action against the insurer
'shall be sustained in any court of law or chancery until'
after an award shall have been obtained' by arbitration,
fixing the amount due after loss, is void, the effect of such
provision being to oust the courts of their legitimate juris-
diction." This question was again considered in *National*
*Masonic Accident Association v. Burr*, 44 Neb., 256, and:
the foregoing cases were again examined and the court
held: "Whatever be the rule elsewhere, it is the firmly
established doctrine here that if parties to the contract.
agree that if a dispute arise between them that such dis-
pute shall be submitted to arbitration, refusal to arbitrate
or no arbitration is not a defense to an action brought on
such contract by one of the parties thereto, as the effect of
such agreement is to oust the courts of their legitimate
jurisdiction and is contrary to public policy and therefore
void."

7. The district court made an order allowing counsel for
Bachler a certain sum of money as an attorney's fee, and
ordered the amount allowed taxed as part of the costs of
the case to the Insurance Company.   This order of the
court is assailed on two grounds: (1.) That there was no
evidence before the court to show that the amount allowed,
as an attorney fee was a reasonable fee for services rendered
in the case.   The order of the court by which an attorney

fee was taxed as part of the costs in the action was not
made one of the grounds of the motion filed by the Insur-
ance Company for a new trial, nor is this action of the
court subsequently assigned as error in the petition in error
filed in this court; and the Insurance Company filed no
motion in the district court to retax the costs.   The ruling
of a district court in the taxation of costs has been fre-
quently before this court.   One of the later expressions on
the subject is found in *Real v. Honey*, 39 Neb., 516, in
which the opinion was prepared by the present chief jus-
tice, NORVAL, and the conclusion reached thus stated in
the syllabus: "In order to review the question of taxation
of costs, a motion to retax the costs must be made in the
trial court, and a ruling obtained thereon by that court."
Whether the district court erred then in allowing counsel
for Bachler an attorney's fee and ordering it to be taxed as
part of the costs is not before us for review.   (2.) But it
is argued that the law under which this attorney fee was
allowed is unconstitutional, and that therefore the order of
the court was void.   It is admitted that this order was
made in pursuance of section 45, chapter 43, Compiled
Statutes, 1893, which provides, in substance, that the court,
upon rendering judgment against an insurance company in
a suit upon a policy issued insuring real estate against loss
or damage by fire, tornado, or lightning, where such prop-
erty shall have been wholly destroyed, shall allow the
plaintiff in the suit a reasonable sum as an attorney's fee,
to be taxed as part of the costs.   This section of the stat-
ute was construed by this court in *Hanover Fire Ins. Co.
v. Gustin*, 40 Neb., 828, and it was there held that the
courts of the state, by virtue of this provision of the stat-
ute, had the power, upon rendering judgment against an
insurance company on any policy of insurance on real prop-
erty, to allow the plaintiff in the action a reasonable sum as
an attorney's fee to be taxed as part of the costs in the
case.   The constitutionality of the law, however, was not

raised in the argument, nor was the point decided in the case. Here it is argued that the law is unconstitutional, because it is class or special legislation. No authority is cited in support of this proposition, nor do we think any can be found. The subjects of special legislation prohibited by the constitution are all enumerated in section 15, article 3, of that instrument. This section of the constitution does not prohibit the legislature from passing such a law as the one under consideration. That the legislature may legislate upon any subject not prohibited by the constitution is a proposition too well recognized to call for the citation of authorities in its support. We know of nothing in the constitution which prohibits the legislature from enacting that the successful party in litigation may recover a judgment against his adversary for the amount of the costs expended or accrued by him in the prosecution of such suit, nor do we know of anything that prohibits the legislature from including in the term costs a reasonable attorney's fee. We conclude, therefore, that the law assailed as unconstitutional is a valid law; that it is not within said section 15 of the constitution which prohibits special legislation. (*State v. Berka*, 20 Neb., 375; *McClay v. City of Lincoln*, 32 Neb., 412; *Lancaster County v. Trimble*, 33 Neb., 121; *State v. Robinson*, 35 Neb., 401; *Koen v. State*, 35 Neb., 676; *State v. Norris*, 37 Neb., 299; *Hunzinger v. State*, 39 Neb., 653.) It is said that this act is class legislation because it applies only to insurance companies; but where a law is general and uniform throughout the state, and operates alike upon all persons and localities of a class, it is not objectionable as wanting uniformity of operation.

8. The final argument that the judgment is contrary to the law of the case is this, the insurance policy provided: "It is further declared to be a condition precedent to the granting of insurance that the amount claimable hereunder shall not exceed the actual loss ascertained as above,

any so called valued policy law to the contrary notwith-standing." The building was insured in the sum of $1,500 and was totally destroyed by fire. The contention is that the actual value of the building was less than the sum for which it was insured, and that by the provision quoted above from the contract of insurance Bachler agreed, in effect, that the Insurance Company should not be liable to him for any greater sum than the actual value of the building; that this contract was a valid one, and that the courts are bound to enforce it. This precise question was before this court in *Home Fire Ins. Co. v. Bean*, 42 Neb., 537, and the point was decided adversely to the contention of the plaintiff in error here. HARRISON, J., speaking for the court, said: "Where real property is wholly destroyed by fire, any provision of a policy of insurance covering such property which in any manner attempts to limit the amount of the loss to less than the sum written in the policy is in conflict with the statutory rule, invalid, and will not be enforced." This case is decisive of the question under consideration. The judgment of the district court is

AFFIRMED.

NORVAL, C. J., not sitting.