Márquez & Co., S. en C., Plaintiff and Appellant, v. R. Sancho Bonet, Treasurer of Puerto Rico, Defendant and Appellee. De Paz Hnos., Plaintiff and Appellant, v. Same.

Nos. 7940 and 7941. Argued April 9, 1940.—Decided July 18, 1940.

V. Polanco de Jesús for appellants. George A. Malcolm, Attorney General, and E. de Aldrey, Assistant Attorney General, for appellee.

Mr. Justice Wolf delivered the opinion of the court.

These two cases were filed at the same time in the District Court of San Juan. They involve the same question and were heard together. The district court rendered a single opinion to cover both cases. On appeal the parties have stipulated to use the same brief for both.

Each complaint contains three paragraphs. The first two contain statements of fact which may be summarized as follows:

Both plaintiffs are business partnerships which deal, among other things, in coffee. They bought coffee on different occasions and paid the tax of ¼ of one cent per pound imposed by Act No. 116 of May 15, 1936 (Session Laws, p. 678). These taxes have been paid under protest and they seek the refund thereof.

The third paragraph of each complaint sets up that the tax is illegal, null and void. Ten different reasons are given therefor. Those numbered 1, 4, 7 and 10 attack the validity of the law because the tax is for a private and not a public purpose; numbered 2 and 6 because it delegates powers to the Treasurer; numbered 3 because it subjects the taxpayer to criminal prosecution for violation of the law or of Rules and Regulations promulgated by the Treasurer; numbered 5 because it deprives the taxpayers of property without due process of law; numbered 8 because the one who really pays the tax is not the buyer but the farmer; and numbered 9 because it is discriminatory whereas it imposes a tax on coffee planters and not on all farmers.

The Treasurer's answers accept as true all the facts but deny that the tax is illegal, unconstitutional, null or void.

The question squarely before the court was the validity of the law and the tax. The court upheld both and said that the law was constitutional; that the tax was not for a private purpose but a public one; that it was not discriminatory; and that the tax would greatly help the coffee industry which would benefit the whole island. The complaints were dismissed, with costs, and $100 attorneys' fees in each case.

The plaintiffs appealed. Their joint brief contains four assignments of error. The first three read:

"1. The judgment is contrary to law and openly violates section 3 of the Organic Act of Puerto Rico, known as the Jones Act, approved by the Congress of the United States on March 2, 1917.

"2. The judgment is erroneous and contrary to law when it estimates that a bill is to pay for an advertising campaign for a

product, when in the preamble thereof it is stated that it has the purpose of helping that industry; because of that, and by that, a public purpose is followed.

"3. The judgment is erroneous because it holds that the imposition and collection of a tax to stimulate the business of a class should be considered as for the purpose of the insular and municipal governments."

██ They can be discussed together. They raise the question that the tax is not for a public purpose but a private one, and therefore, in contravention of the Organic Act, which says:

"Section 3.—That no export duties shall be levied or collected on exports from Puerto Rico, but taxes and assessments on property, income taxes, internal revenue, and license fees, and royalties for franchises, privileges, and concessions may be imposed for the purposes of the insular and municipal governments, respectively, as may be provided and defined by the Legislature of Puerto Rico;..."

The specific clause to which the plaintiffs refer is "for the purposes of the insular and municipal governments."

That the intention of the Legislature was to promote the welfare of the whole community is evident from the "Declaration of Principles," contained in section 2 of the Act. Among other things, it says:

"...if it were possible to obtain for Puerto Rican coffee one-half of 1 per cent of the coffee consumption of the United States of America, that would mean an assured market for our entire crop and would make possible the effective rehabilitation of the most Puerto Rican of all our agricultural industries, without which there will be no true rehabilitation in our Island.

"Therefore, as it has been the policy of the People of Puerto Rico to aid in the rehabilitation of the coffee industry of this island, the present law is enacted in order that the executive branch of the Government may face this problem rapidly and efficiently."

The appellants cite various cases and texts to support their contention that a legislature cannot impose a tax for a private purpose. That is a question that needs no dis-

cussion; it is already established by law. The specific issue is whether this special tax is used for a private or a public purpose.

The use of the money obtained by the tax is as follows:

"Section 5.—This 'Fund for the Development of a Market for Puerto Rican Coffee' shall be available for expenditure by the Commissioner of Agriculture and Commerce to carry out an advertising campaign in behalf of our coffee in the United States and Europe.

"Section 13.—The Commissioner of Agriculture and Commerce is hereby authorized and directed to prepare and carry out, in cooperation with such natural or artificial persons as are engaged in the coffee business in Puerto Rico, a plan to make possible the exportation of Puerto Rican coffee to the continental United States and to Europe, in order to dispose of the surplus from any crop which, in his judgment, may at any time threaten to disorganize the economic structure of said industry."

The appellants also cite *Suazo* v. *Lugo*, 42 P.R.R. 56, where this court declared a tax on foreign coffee unconstitutional, on the grounds that it denied the equal protection of the laws and because it interfered with interstate commerce.

The appellee cites, among other cases, *State ex rel. Goodwin* v. *Nelson County,* 1 N. D. 88, 45 N. W. 33, 8 L.R.A. 283, 26 Am. St. Rep. 609; *Cobb* v. *Parnell*, 183 Ark. 429, 36 S. W. 2nd 388; *State ex rel. Custer County Agricultural Society & L. S. Exchange* v. *Robinson*, 35 Neb. 401, 53 N. W. 213, 17 L.R.A. 383; *State ex rel Cryderman* v. *Wienrich*, 54 Mont. 390, 170 Pac. 942; *Hill* v. *Rae,* 52 Mont. 378, 158 Pac. 826, L.R.A. 1917A, 495, Ann. Cas. 1917E, 210.

In all these cases taxes were imposed to create funds for the relief of agriculture. They were held valid as for a public purpose.

The last assignment of error is in regard to costs and is not strongly stressed.

The judgment appealed from should be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.