Márquez & Cía., S. en C., demandante y apelante, *v.* Tesorero de Puerto Rico, R. Sancho Bonet, demandado y apelado.

De Paz Hnos. demandante y apelante, *v.* Tesorero de Puerto Rico, R. Sancho Bonet, demandado y apelado.

Núms. 7940 y 7941.—*Sometidos:* Abril 9, 1940. *Resueltos:* Julio 18, 1940.

*V. Polanco de Jesús,* abogado de las apelantes; *Hon. Procurador General George A. Malcolm* y *E. de Aldrey, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Estos dos casos fueron radicados al mismo tiempo en la Corte de Distrito de San Juan. Envuelven la misma cuestión y fueron vistos conjuntamente. La corte de distrito dictó una sola opinión para ambos casos. En apelación las partes han estipulado utilizar el mismo alegato para los dos recursos.

Cada demanda contiene tres párrafos. Los dos primeros contienen alegaciones de hecho que pueden resumirse así:

Ambas demandantes son sociedades mercantiles que trafican, entre otras cosas, en café. Ellas compraron este grano en distintas ocasiones y pagaron la contribución de ¼ centavo por libra, impuesta por la Ley Núm. 116 de mayo 15, 1936 (leyes de ese año, (1) pág. 679). Esta contribución ha sido pagada bajo protesta y las demandantes solicitan ahora la devolución de la misma.

El tercer párrafo de cada demanda aduce que la contribución es ilegal y nula. Se exponen diez razones distintas para ello. Las números 1, 4, 7 y 10 atacan la validez de la

ley porque la contribución se fija para un fin privado y no para un fin público; las números 2 y 6, porque se delegan poderes al tesorero; la número 3, porque la ley sujeta al contribuyente a un proceso criminal por violación de la ley o del reglamento promulgado por el tesorero; la número 5, porque priva al contribuyente de su propiedad sin el debido proceso de ley; la núm. 8, porque la persona que en realidad paga la contribución no es el comprador sino el cosechero; y la número 9, porque la ley es discriminatoria toda vez que impone una contribución a los cosecheros de café y no a todo agricultor.

Las contestaciones del tesorero aceptan como ciertos todos los hechos alegados, pero niegan que la contribución sea ilegal, inconstitucional o nula.

La cuestión que estaba de plano ante la corte de distrito era la validez de la ley y de la contribución. La corte inferior sostuvo ambas y dijo que la ley era constitucional; que la contribución no se fijaba para un fin privado sino para un fin público; que no era discriminatoria; y que la contribución ayudaría grandemente a la industria del café y que ello beneficiaría a toda la isla. Las demandas fueron desestimadas, con costas y $100 de honorarios de abogado en cada caso.

Las demandantes apelaron. Su alegato conjunto contiene cuatro errores. Los tres primeros leen así:

"1. La sentencia es contraria a derecho infringiendo abiertamente el Art. 3 de la Ley Orgánica de Puerto Rico, titulada Ley Jones, aprobada por el Congreso de Estados Unidos el día 2 de marzo de 1917.

"2. La sentencia es errónea y contraria a derecho al estimar que la aprobación de una ley para librar una campaña de anuncios de un producto, por el hecho de que en el preámbulo de la misma se consigna que es con el propósito de levantar esa industria, por eso y con eso se persigue un fin público.

"3. La sentencia es errónea por estimar que la imposición y cobro de una contribución para estimular el negocio de una clase debe estimarse que es para un fin del gobierno insular y municipal."

■■ Estos errores pueden ser discutidos conjuntamente. Levantan la cuestión de que la contribución no se fija para un fin público sino para un fin privado y que en su consecuencia viola la Carta Orgánica que provee:

"Artículo 3.—No se impondrá ni cobrará derecho alguno sobre las exportaciones procedentes de Puerto Rico; pero podrán imponerse contribuciones e impuestos sobre la propiedad, ingresos, rentas internas, y por licencias, franquicias, privilegios y concesiones, cuando dichas contribuciones sean para los fines de los gobiernos insular y municipal, respectivamente, y se impongan según las disposiciones y prescripciones de la Asamblea Legislativa de Puerto Rico;..."

La cláusula específica a que las demandantes se refieren es "para los fines de los gobiernos insular y municipal."

Que la intención de la Asamblea Legislativa fué promover el bienestar de toda la comunidad, se desprende de manera evidente de la "Declaración de Principios" contenida en la sección 2 de la ley. Entre otras cosas, dice:

"...si pudiera conseguirse para el café de Puerto Rico el consumo de la mitad del uno (1) por ciento del café que se consume en los Estados Unidos de América, ello implicaría un mercado asegurado para el total de nuestra cosecha, haciendo posible la rehabilitación efectiva de la más puertorriqueña de nuestras industrias agrícolas sin cuya rehabilitación no habrá rehabilitación verdad de nuestra Isla.

"Por lo tanto, como ha sido la política de El Pueblo de Puerto Rico ayudar a la rehabilitación de la industria cafetera de la Isla, se promulga esta ley para que la rama ejecutiva del Gobierno pueda afrontar este problema rápida y eficientemente."

Las apelantes citan varios casos y textos para sostener su contención de que el poder legislativo no puede imponer una contribución para un fin privado. Ése es un punto que no necesita ser discutido; ya ha sido establecido por ley.

La cuestión específica en controversia es si esta contribución especial se utiliza para un fin privado o para un fin público.

El dinero obtenido mediante la contribución será utilizado en la siguiente forma:

"Sección 5.—Este 'Fondo para el Fomento del Mercado de Café de Puerto Rico', estará disponible para invertirse por el Comisionado de Agricultura y Comercio para llevar a cabo una campaña de anuncio de nuestro café en Estados Unidos y Europa."

"Sección 13.—Por la presente se autoriza y ordena al Comisionado de Agricultura y Comercio para delinear y llevar a cabo en cooperación con las personas naturales o jurídicas dedicadas al negocio de café en Puerto Rico, un plan que haga posible la exportación del café de Puerto Rico a los Estados Unidos continentales y a Europa, con el objeto de disponer del excedente de cualquier cosecha que a su juicio en cualquier momento amenazare desorganizar la estructura económica de dicha industria."

Las apelantes también citan el caso de *Suazo* v. *Lugo, Alcaide*, 42 D.P.R. 57, en el cual este tribunal declaró inconstitucional una contribución sobre café extranjero fundado en que negaba la igual protección de las leyes y obstruía el comercio interestatal.

El apelado cita, entre otros, los casos de *State ex rel. Goodwin* v. *Nelson County*, 1 N. D. 88, 45 N. W. 33, 8 L.R.A. 283, 26 Am. St. Rep. 609; *Cobb* v. *Parnell*, 183 Ark. 429, 36 S. W. (2d) 388; *State ex rel. Custer County Agricultural Society & L. S. Exchange* v. *Robinson*, 35 Neb. 401, 53 N. W. 213, 17 L.R.A. 383; *State ex rel. Cryderman* v. *Wienrich*, 54 Mont. 390, 170 P. 942; *Hill* v. *Rae*, 52 Mont. 378, 158 P. 826, L.R.A. 1917A, 495, Ann. Cas. 1917E, 210.

En todos los casos anteriores las contribuciones fueron impuestas para crear fondos para aliviar la agricultura. Fueron declaradas válidas por dedicarse a un fin público.

El último señalamiento de error se refiere a las costas y al mismo no se da mucho énfasis.

*Deben confirmarse las sentencias apeladas.*

El Juez Asociado Sr. De Jesús no intervino.