JULES ALTHAUS V. STATE OF NEBRASKA.

FILED DECEMBER 24, 1913. No. 18,281.

Constitutional Law: CHATTEL LOANS ACT. The act providing that "A rate of interest not exceeding one per cent. per month may be charged by agreement on loans not exceeding $250, made for a period of one year or less, where such loans are secured only by a chattel mortgage on household goods, musical instruments, wearing apparel, jewelry, diamonds, or by a deposit of personal property, or by an assignment of wages, credits, or choses in action," and providing penalties for exacting excessive interest and for otherwise violating the act, is void, because it violates the constitutional provision prohibiting the legislature from passing local or special laws regulating the interest on money. Laws 1913, ch. 250; Const., art. III, sec. 15.

ERROR to the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. Reversed and dismissed.

*Smyth, Smith & Schall*, for plaintiff in error.

*Grant G. Martin, Attorney General*, and *Frank E. Edgerton*, contra.

ROSE, J.

In a prosecution by the state in the district court for Douglas county, Jules Althaus was convicted of violating the legislative enactment providing that "A rate of interest not exceeding one per cent. per month may be charged by agreement on loans not exceeding $250, made for a period of one year or less, where such loans are secured

only by a chattel mortgage on household goods, musical instruments, wearing apparel, jewelry, diamonds, or by a deposit of personal property, or by an assignment of wages, credits, or choses in action," and providing penalties for exacting excessive interest and for otherwise violating the act. Laws 1913, ch. 250. For the offense described defendant was sentenced to pay a fine of $100. As plaintiff in error he now presents for review the record of his conviction.

Defendant takes the position that the judgment below is erroneous, because the legislative act under which he was charged, convicted and sentenced is unconstitutional and void. A specific objection to the act is that it violates the constitutional provision prohibiting the legislature from passing local or special laws regulating the interest on money. Const., art. III, sec. 15. One purpose of the constitution is to require general laws operating alike upon similar rights and upon all persons of a class, and to prevent legislation affecting diversely property of like character and persons similarly situated. The wisdom of this constitutional provision is not open to controversy. Without it the equal protection of the laws to which all are entitled would be lost. To respect that part of the supreme law prohibiting special or class legislation and to allow the utmost legislative freedom consistent with constitutional limitations, the following doctrine was announced in an opinion by Judge SULLIVAN: "The rule established by the authorities is that, while it is competent for the legislature to classify, the classification, to be valid, must rest on some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects classified." *State v. Farmers & Merchants Irrigation Co.,* 59 Neb. 1.

Tested by this rule, does the act legalizing a rate of interest not exceeding one per cent. a month on loans of $250 or less, where they "are secured only by a chattel mortgage on household goods, musical instruments, wearing

apparel, jewelry, diamonds, or by a deposit of personal property, or by an assignment of wages, credits, or choses in action," violate the constitutional provision prohibiting the legislature from passing local or special laws regulating the interest on money? The act by its terms protects from the rapacity of those who loan money on chattel security only owners of the particular items of personal property enumerated. A lender who charges extortionate interest and accepts security on the chattels enumerated by the legislature may be punished. Another lender who makes a loan on identical terms, except that he includes in his chattel mortgage an article not enumerated in the act, but similar to those mentioned therein, goes free. If the avarice and greed of those who thrive on the poverty or the misfortune of the owners of "household goods, musical instruments, wearing apparel, jewelry, diamonds, or by a deposit of personal property, or by an assignment of wages, credits or choses in action," are to be wisely and justly curbed by law, as such abominations should be, why should not the law apply also to those who lend money on other chattels of a similar nature? Why should the mortgagor of diamonds be protected by the criminal law from extortionate rates of interest and the mechanic, who mortgages his tools to buy bread, when out of employment, go without protection? In the eye of the law, why should the owner of household goods, which are being moved from one tenement to another, be protected by statute from the extortion of the lender on chattel security, while the owner of the cart in which such goods are moved is left to the unpunishable avarice of the chattel lienor? Questions suggesting similar classifications which the legislature attempted to make could be multiplied indefinitely. In a law regulating the interest on money are the classifications made in the act permitted by the constitution? The answer to these questions is that there is no "substantial difference of situation or circumstance that would naturally suggest the justice or expediency of diverse legislation with respect to the objects classified." Reasoning or re-

finement which would harmonize such classifications with the constitution would make of the supreme law, of the act of the legislature and of the judgment of the court a farce or a delusion. If the legislature had not attempted to legalize a special rate, but had merely added a penalty to that created by the existing statute and had made it applicable to a class reasonably selected, a different question would be presented. *State v. Sherman*, 18 Wyo. 169, 27 L. R. A. n. s. 898. The classifications are on their face unreasonable and arbitrary. The act is the kind of legislation the constitution was intended to prohibit. The court does not strike down the act of the legislature. It is void, because it was passed in direct violation of a plain constitutional provision which all departments of government must respect. There can be no valid conviction for the violation of such an act.

The judgment of the district court is therefore reversed and the proceeding dismissed.

REVERSED AND DISMISSED.