ALBERT HILL ET' AL., APPELLEES, v. JERRY D. KUSY, APPELLANT.

35 N. W. 2d 594

Filed January 21, 1949. No. 32506.

*Paul E. Haberlan,* for appellant.

*Spear & Lamme, Michael T. McLaughlin, Bernard S. Gradwohl, George R. Springborg, Walter R. Johnson,* Attorney General, and *Bert L. Overcash,* for appellees.

*White & Lipp,* amicus curiae.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

Plaintiffs, alleging violations of the Unfair Sales Act by defendant, brought this action and prayed for a declaratory judgment that the act (sections 59-1201, R. S. 1943, 59-1202, R. S. Supp., 1947, and 59-1203 to 59-1206, R. S. 1943) is constitutional, and for a determination of the rights, status, and legal relations of the parties in the matters set forth in their petition. They also prayed that defendant be enjoined from further advertising, offers to sell or sales in violation of the act, for damages, and for equitable relief.

Defendant demurred for the reason that the petition did not state facts sufficient to constitute a cause of action against him. The trial court overruled the demurrer and gave the defendant time to further plead. Defendant declined to do so. The trial court decreed that the act was not in conflict with any of the provisions of the Constitution of this state or of the United States and enjoined the defendant from "further advertising, offers to sell or sales in violation" of the act, and taxed costs to defendant. Defendant appeals. We affirm the judgment of the trial court.

Section 59-1201, R. S. 1943, provides that the act shall be cited as the Unfair Sales Act. Section 59-1202, R. S. Supp., 1947, defines various terms and phrases used in the act. Section 59-1203, R. S. 1943, provides: "It is hereby declared that any advertising, offer to sell or sale of any merchandise, either by retailers or wholesalers, at less than cost as defined in this act, with the intent, or

effect, of inducing the purchase of other merchandise, or of unfairly diverting trade from a competitor, or otherwise injuring a competitor, impair and prevent fair competition, injure public welfare, and are unfair competition and contrary to public policy and the policy of this act, where the result of such advertising, offer or sale is to tend to deceive any purchaser or prospective purchaser, or substantially to lessen competition, or unreasonably to restrain trade, or to tend to create a monopoly in any line of commerce." Section 59-1204, R. S. 1943, relates to the non-liability of the owner of a newspaper for the publication of advertisements in contravention of the provisions of the act. Section 59-1205, R. S. 1943, provides: "Any person damaged, or who is threatened with loss or injury by reason of a violation of this act shall be entitled to sue in any court of competent jurisdiction against any damage or threatened loss or injury by reason of a violation of this act." Section 59-1206, R. S. 1943, relates to sales to which the act does not apply.

Plaintiffs alleged that they and the defendant were competitors in the business of selling cigarettes at wholesale in certain cities of the state, and alleged in detail that defendant had advertised, offered to sell, and had sold cigarettes at less than cost and with the intent, effect, and result set out in section 59-1203, R. S. 1943, and by allegations removed their cause from the excepting provisions of the act. Plaintiffs further alleged that damages had resulted from defendant's acts; that defendant threatens to continue said acts; that a controversy exists between the parties as to whether or not defendant's acts constituted a violation of the act, and as to whether or not the act is constitutional and enforceable.

In substance defendant admitted by his demurrer that he had violated the act and plaintiffs were entitled to the relief prayed if the act is valid and enforceable.

By assignments of error, defendant presents these questions: "(a) Whether Sections 59-1201 to 59-1206, C. (sic) S. Neb. 1943, as amended by L. B. 474, Session of

1947, known as the 'Unfair Sales Act,' define any sort of an offense or wrongful act, even if the act itself is constitutional"; "(b) Whether the act is constitutional under the personal liberty and due process clauses of the State and Federal Constitutions"; and "(c) Whether the decree, in its present general form, can be sustained."

Defendant's contention is that the act neither states nor defines any unlawful act, is merely a statement of public policy, and contains no definite standards by which infractions can be measured and no provision to execute its alleged purpose. The attack is upon the act as a whole.

The provisions of section 59-1203, R. S. 1943, fall into two groups.

The first group contains three elements: (1) The acts of "advertising, offer to sell or sale of any merchandise, * * * at less than cost as defined in" the act; (2) the doing of one or more of those acts "with the intent, or effect, of inducing the purchase of other merchandise, or of unfairly diverting trade from a competitor, or otherwise injuring a competitor"; and (3) the doing of one or more of those acts with the intent or effect "where the result * * * is to tend to deceive any purchaser or prospective purchaser, or substantially to lessen competition, or unreasonably to restrain trade, or to tend to create a monopoly in any line of commerce."

The second group contains the legislative declaration of the results following from the first, to wit, "impair and prevent fair competition, injure public welfare, and are unfair competition and contrary to public policy and the policy of" the act. The "unfair competition" is the result of the unlawful acts which the Legislature condemns and constitutes the ultimate unlawful act.

Section 59-1203, R. S. 1943, must be construed in connection with section 59-1205, R. S. 1943, which provides a remedy for enforcement.

Defendant, however, contends that the statute does not make intent an element of the unlawful act. This contention is based upon the phrase "with the intent or

effect" and defendant argues that the use of "or" avoids "intent" and requires only the "effect" or "result."

We have held that intent denotes the purpose to use a particular means to effect a certain result. Williams v. State, 113 Neb. 606, 204 N. W. 64. In Lynch v. Tilden Produce Co., 282 F. 54 (affirmed in 265 U. S. 315, 44 S. Ct. 488, 68 L. Ed. 1034), the court was dealing with a statute which provided: " 'Or any butter in the manufacture or manipulation of which any process or material is used with intent or effect of causing the absorption of abnormal quantities of water, milk, or cream.' " The court in construing the words "with intent or effect" held: "Whatever is effected is the consequence of a specific design. It always requires, therefore, a rational agent to effect anything. So that the words 'intent' and 'effect,' as used in the statute, mean practically the same thing." The same construction applies here. It follows that intent is a requirement of the act. Decisions where intent is not an element of the statute are accordingly beside the issue and need not be discussed.

This conclusion brings the statute fairly within our holding in Nelsen v. Tilley, 137 Neb. 327, 289 N. W. 388, 126 A. L. R. 729, wherein we held that where a regulatory statute prohibits price discriminations made with the intent substantially to lessen competition or to create a monopoly or to injure or destroy the business of a competitor, constitutional inhibitions are not infringed. In fact, the Legislature in the act here involved placed an additional element in the act by specifically requiring that a certain result or results must follow.

Defendant further argues that the use of the word "tend" in two of the "result" provisions of the act renders the statute void, and relies on State ex rel. English v. Ruback, 135 Neb. 335, 281 N. W. 607. It is sufficient to point out that the same word is used in subdivision (i) of section 60-912, C. S. Supp., 1937, held constitutional in Nelsen v. Tilley, *supra.*

It further is urged that there is a lack of clarity, which

renders the act void, in the meaning of terms used in the act, such as "replacement cost," "proportionate part of the cost of doing business," and "unfairly diverting trade from a competitor." The terms may present difficulties in application when the sufficiency of evidence in fact questions is presented. Mere difficulty of application in the processes of litigation is not enough to enable a court to say that a statute is unconstitutional. McElhone v. Geror, 207 Minn. 580, 292 N. W. 414.

It next is argued that the means adopted are inadequate and bear no relation to the object sought, the argument being that the act applies to a small fraction of the business community and is discriminatory because of the limitations of the mark-up provisions as to costs, as between merchants selling classes of merchandise involving quick sales and small margins of profit and sales involving greater margins of profit. In the exercise of and within the limits of its police power, the Legislature may forbid that which it deems to be an existing evil and it may limit its prohibitions to the matters which in its judgment menace the public welfare. Central Lumber Co. v. South Dakota, 226 U. S. 157, 33 S. Ct. 66, 57 L. Ed. 164; Placek v. Edstrom, 148 Neb. 79, 26 N. W. 2d 489, 174 A. L. R. 856.

It follows that the act is not subject to the constitutional attack here made and that the trial court did not err in overruling the demurrer.

This brings us to the contention that the injunctive language used in the decree cannot be sustained because it purports to enjoin any future violations of the act of whatever character rather than a repetition of the specific acts alleged in the petition. The decree enjoined the defendant from "further" advertising, offers to sell, or sales in violation of the act. When one has been found to have committed acts in violation of a regulatory law he may be restrained from committing other related unlawful acts. Labor Board v. Express Publishing Co., 312 U. S. 426, 61 S. Ct. 693, 85 L. Ed. 930. We construe

the language objected to in the decree to mean further like violations of the act. So construed it is not subject to criticism. New Haven R. R. v. Interstate Commerce Commission, 200 U. S. 361, 26 S. Ct. 272, 50 L. Ed. 515.

The judgment is affirmed.

AFFIRMED.