Clarence Stanton, Appellant, v. E. E. Mattson, Appellee.

123 N. W. 2d 844

Filed October 18, 1963.   No. 35630.

Lyle B. Gill, for appellant.

Kerrigan, Line & Martin, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an action brought under the Declaratory Judgments Act to test the constitutionality of Legislative Bill 811 which was enacted at the 1963 legislative session and became effective on July 18, 1963. The trial court held the act to be constitutional and plaintiff has appealed.

The evidence was stipulated. It shows that on August 30, 1963, plaintiff purchased a used refrigerator from a partnership doing business in Fremont under the name of Kavich Furniture Store. The cash price of the refrigerator was $130. Plaintiff indicated a desire to pay $10 cash and the balance in 12 monthly payments. The $10 was paid and the conditional sale contract here involved was executed. The amount shown to be due under the contract was $132, payable in 12 installments of $11 each. This amount consisted of the balance of the cash price of $120 and $12 shown as the time price differential. The plaintiff has not made any payment other than the $10 downpayment, and does not intend to make further payments. The defendant is the holder of the contract by assignment for collection purposes.

It is contended by the plaintiff that the price differential charge of $12 is interest in excess of 9 percent and that the conditional sale contract is void for usury. Plaintiff asserts that defendant is about to commence proceedings to repossess the refrigerator. Plaintiff alleges that Legislative Bill 811 is unconstitutional for the following reasons: 1. It is a special law regulating interest on money in violation of Article III, section 18,

of the Nebraska Constitution. 2. It is a grant of special privileges to certain persons, including the seller and his assignee, in violation of Article I, section 16, and Article III, section 18, Constitution of Nebraska. 3. The act contains unreasonable, arbitrary, and capricious classifications for permitting charges of interest in excess of the maximum legal rate fixed by section 45-101, R. R. S. 1943. 4. The act provides for different penalties to be applied to different persons or groups for exceeding the maximum rate allowable by law when no reasonable difference exists for the classifications made.

The defendant contends that the price differential referred to in Legislative Bill 811 is not interest, that the conditional sale contract involved in this case was drawn pursuant to the requirements of the act, and that the act is in all respects constitutional. Defendant further asserts that, if the price differential is in fact interest, it is not a special law inhibited by Article III, section 18, of the Constitution, nor a grant of special privileges to certain persons inhibited by Article I, section 16, or Article III, section 18, of the Constitution. It is further alleged that Legislative Bill 811 is a complete act in itself and that the classification of persons and property therein contained are not unreasonable, arbitrary, or capricious, and therefore creates an exemption from section 45-101, R. R. S. 1943, providing that the highest rate of interest that may be charged upon any loan or forbearance of money shall be $9 per year upon $100.

This court under a similar statute held the price differential provided for therein to be interest and, if such interest charge exceeded 9 percent per annum, the contract was usurious and void. Elder v. Doerr, *ante* p. 483, 122 N. W. 2d 528. Pursuant to this authority we hold the $12 differential in the instant case to be an interest charge in excess of the maximum statutory rate of interest fixed by section 45-101, R. S. Supp., 1961. The parties appear to be in agreement that if

Elder v. Doerr, *supra,* properly declares the law of this state, the price differential of $12 in the instant case is interest in excess of 9 percent per annum.

The issue raised in this case is whether or not the interest in the amount of $12 per $100 per year provided by section 5 (1) of Legislative Bill 811 is inhibited by the Constitution of this state. In Elder v. Doerr, *supra,* the power of the Legislature to fix a maximum rate of interest that can be charged upon any loan or forbearance of money, goods, or things in action, is recognized. The power to do so, however, is limited by Article III, section 18, Constitution, which provides in part: "The Legislature shall not pass local or special laws in any of the following cases, that is to say: * * * Regulating the interest on money." Under this constitutional provision, the Legislature may fix rates of interest for the hire of money or the forbearance of a debt in installment sales contracts if the classification is reasonable and has relation to the public interest. The provision prohibits the Legislature from passing any act which does not operate equally and uniformly upon all persons in a class, or which grants to any person any special or exclusive privileges or immunity. The Legislature may make a reasonable classification of persons and property for purposes of legislation concerning them, but the classification must rest upon real differences in situation and circumstances surrounding the members of the class that has some real relation to the subject and purpose of the legislation, which render appropriate its enactment. State ex rel. Taylor v. Hall, 129 Neb. 669, 262 N. W. 835; United Community Services v. The Omaha Nat. Bank, 162 Neb. 786, 77 N. W. 2d 576; United States Cold Storage Corp. v. Stolinski, 168 Neb. 513, 96 N. W. 2d 408.

Section 5 (1) of Legislative Bill 811 provides: "Notwithstanding the provisions of any other law, the time price differential for any motor vehicle or other goods sold under a retail installment contract shall not exceed

twelve dollars per one hundred dollars per year; Provided, a minimum time price differential of fifteen dollars may be charged on any retail installment contract." It is clear at the outset that the benefits of the act accrue to retail sellers of motor vehicles or other goods sold under a retail installment contract while all others, including manufacturers, distributors, and others having occasion to sell on an installment contract, are not entitled to benefit by its provisions. Are there real differences in situation and circumstances that warrant making retail sellers on installment contracts a reasonable classification for fixing a higher interest rate for a loan or forbearance of money, goods, or things in action?

We can see no valid reason, nor has one been pointed out to us, that warrants retail sellers to charge a rate of interest that is denied to all others. We have held that a licensee who is properly required to pay a license fee and subject himself to regulation by a regulatory body, is within a reasonable classification of persons and affords the Legislature a legal basis for different treatment. Althaus v. State, 99 Neb. 465, 156 N. W. 1038. But in the earlier case of Althaus v. State, 94 Neb. 780, 144 N. W. 799, we held an act unconstitutional because of a lack of a reasonable classification of property. The situation as to classification of persons in the present case is identical to the want of classification of property in the first Althaus case.

This court in Cleland v. Anderson, 66 Neb. 252, 92 N. W. 306, 5 L. R. A. N. S. 136, commented on the principle before us in the following language: "If laborers are clearly within the general scope and reason of the act, so that the provisions exempting them from its operation arbitrarily permit them to do acts in contravention of its terms and purposes which are forbidden to the public at large, there can be no doubt that the statute must fail. Statutes must be general and uniform throughout the state, and must operate alike upon all

persons and localities of a class reasonably constituted with reference to the relations and circumstances provided for." In State ex rel. Custer County Agricultural Society v. Robinson, 35 Neb. 401, 53 N. W. 213, 17 L. R. A. 383, this court said: "It has been frequently held by this court that a law which is general and uniform throughout the state, and operates alike upon all persons or localities which come within the relations and circumstances provided for, is not objectionable to the constitution or wanting in uniformity." See, also, Low v. Rees Printing Co., 41 Neb. 127, 59 N. W. 362, 43 Am. S. R. 670, 24 L. R. A. 702.

As we have heretofore said, no valid reason for classifying retail sellers of personal property for the purpose of excluding them, and them alone, from the penalties of usury, has been demonstrated. Some suggestion has been advanced to the effect that the business risk involved in retail installment sales contracts furnishes a basis for a proper classification. We point out that any seller of personal property is confronted with the same problem of credit risk; it is not a hazard that is limited to retail installment sales. The making of business decisions as to whether or not an installment contract should be made is as common to all persons making such contracts as it is to the retail seller. Classifications of persons for the purpose of legislation must be real and not illusive; they cannot be based on distinctions without a substantial difference. We can come to no other conclusion than that the classification of persons for the purposes of the legislation is special and not general and is inhibited by Article III, section 18, of the Nebraska Constitution.

It is provided in section 1 (5) of Legislative Bill 811, in part, as follows: "Retail installment contract or contract shall mean an agreement evidencing a retail installment sale entered into in this state pursuant to which a buyer promises to pay in one or more deferred installments the time sale price of goods and pursuant

to which the title to or a lien upon the goods is retained or taken by the seller as security for the payment of the retail installment contract." Legislative Bill 811 is an interest statute. We fail to see any connection between the fixing of an interest rate and the fact that security for the loan is taken or the title to the property retained. The provision is special and not general. It therefore is inhibited by Article III, section 18, of the Nebraska Constitution.

It is provided in part in section 6 of the act: "Where a buyer makes any subsequent purchases of goods, other than motor vehicles, from a seller from whom he has previously purchased goods * * *." The exclusionary words "other than motor vehicles" make the provision special and not general, and is likewise inhibited by Article III, section 18, of the Constitution. Section 7 of the act, in excluding motor vehicles from the operation of this section, is likewise subject to the same infirmities contained in section 6.

We point out that Article III, section 18, of the Constitution, requires that the fixing of interest rates must be uniform as to all members of the class. Provisions excepting persons or property from the classification made are in conflict with the legitimate purposes of the act, to wit, the fixing of an interest rate for installment sales contracts that is equal and uniform as to all within the class. What we have said in dealing with section 5 of the act applies as well to sections 1 (5), 6, and 7 of the act. The very purpose of Article III, section 18, of the Constitution, is to prevent legislative action which grants benefits or immunities to persons or property within the general class that is made the subject of legislation. Article I, section 16, Constitution.

It is pointed out that the court, in Elder v. Doerr, *supra,* held a similar act unconstitutional, pointing out the infirmities that necessitated that conclusion. It is argued that, since the Legislature took immediate steps to correct the act in accordance with the holdings of

that case, the present act should be sustained. The argument overlooks the proper function of the courts in dealing with constitutional questions.

All acts of the Legislature are presumed to be constitutional. The courts will not declare an act of the Legislature unconstitutional except as a last resort on the facts before the court. Courts will not decide questions of constitutionality unless they have been raised by a litigant whose interests are adversely affected. A court has no power to summarily pass upon the constitutionality of an act of the Legislature. It has power only to decide justiciable disputes. Its power to declare an act of the Legislature unconstitutional arises only when it affects a right of a litigant in such a case. A holding that an act of the Legislature is unconstitutional determines its validity only on the questions determined by the court. Silence by the court does not have the effect of validating sections or provisions of the act not brought in issue and not determined by the court. The argument that the court in Elder v. Doerr, *supra,* by not determining issues that were or might have been raised has approved their constitutionality, is not the rule and is contrary to the basic philosophy of our judicial system.

For the reasons stated we hold Legislative Bill 811, adopted at the 73rd session of the Legislature, to be in violation of Article III, section 18, and Article I, section 16, of the Constitution of Nebraska, and therefore void and of no force and effect. The judgment of the district court is reversed and the cause remanded with directions to enter judgment for the plaintiff in accordance with the prayer of his petition.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., dissenting.

I respectfully dissent from the holding of the majority in this case.

I do not agree that all contracts which were made in conformity with an act of the Legislature that is subsequently declared invalid are, also, necessarily invalid.

If, as this court has said, an unconstitutional act is, in legal contemplation, as inoperative as though it had never been passed, and the court cannot grant relief based upon it, the act should not be effective to invalidate contracts which were made in conformity with it.

It seems to me that the validity of such contracts should be determined by the application of the law as it existed prior to the enactment of the invalid statute.

BROWER, J., concurring.

I concur with the opinion of the court in all respects except that I think the decision should be applied prospectively only.