Kurth, Conner, Jones & Ryan, Billings, Mont., for plaintiff.

Gordon E. Hoven, Havre, Mont., for defendants.

**B-W ACCEPTANCE CORPORATION, a Delaware corporation, Plaintiff,**

v.

**Ernest TORGERSON and Rose Torgerson, Defendants.**

**Civ. No. 454.**

United States District Court
D. Montana,
Billings Division.

Oct. 13, 1964.

JAMESON, District Judge.

On August 4, 1964, defendants filed a motion for summary judgment. Briefs were filed by the respective parties. At a hearing on September 8, the court raised the question as to whether the "abstention doctrine" might be applicable and called attention to the cases hereinafter cited. Counsel were given an opportunity to file additional memoranda on the application of this doctrine. The court has received a letter from counsel for the defendants, and counsel for the plaintiff has advised the court that he has found no authorities in point contrary to those cited herein.

In this diversity action, plaintiff, a Delaware corporation, has brought suit against the defendants, citizens of Montana, to recover the balance due on a note and conditional sales contract executed and delivered by the defendants to Tri-State Distributors, a North Dakota corporation, and assigned by Tri-State to plaintiff. In an amended answer, defendants allege that the contract is void in that it was made pursuant to the Montana Retail Installment Sales Act, R.C.M. 1947, sections 74–601 to 74–612 inclusive,

and that this act violates Article V, Section 26 of the Constitution of Montana.

The issues were framed at a pretrial conference on April 10, 1964, as follows:

"(1) Whether the Montana Retail Installment Sales Act, R.C.M. 1947, § 74–601 to 74–612, is constitutional.

"(2) If not, whether the conditional sales note and contract attached as exhibits to plaintiff's complaint are otherwise valid under Montana law."

Article V, Section 26, of the Constitution of Montana reads in pertinent part:

"Sec. 26. The legislative assembly shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * regulating the rate of interest on money; * * *."

Defendants contend that the rate of interest charged them pursuant to section 74–608 is 16.3 per cent, which exceeds the maximum rate of 10 per cent permitted by R.C.M.1947, Section 47–125, and accordingly constitutes a special law regulating the rate of interest on money, proscribed by the Constitution. Defendants rely on two Nebraska cases, Elder v. Doerr, 175 Neb. 483, 122 N.W.2d 528, and Stanton v. Mattson, 175 Neb. 767, 123 N.W.2d 844. In these cases the Supreme Court of Nebraska held an act similar to the Montana Retail Installment Sales Act unconstitutional and void under a provision of the Nebraska Constitution with almost the identical wording of Article V, Section 26 of the Montana Constitution.[1] Neither party has cited any other cases precisely in point.

Plaintiff contends that the Montana Act is constitutional; that the contract is a "time-pay price contract" and the rate of interest charged is not usurious; that if the contract is usurious it is not void but subject to penalty provisions of the Montana statutes; that if the statute is unconstitutional there was no intent to commit usury; and that in any event a decision voiding contracts under the act should be applied prospectively only.

The authorities cited by plaintiff, although not precisely in point, are persuasive, and in the absence of the Nebraska decisions, would justify a judgment in its favor. It is clear, however, that a determination of this case involves primarily, if not solely, the question of whether a statute of Montana is in violation of the Constitution of Montana. The question has not been determined by the Supreme Court of Montana, and the one state court which has passed upon the precise question has held a similar act void. The question arises as to whether under these circumstances this court should not, under the "abstention doctrine", defer to the Montana courts and permit the parties to test the validity of the statute in the Montana courts.

A leading case on the abstention doctrine is Louisiana Power & Light Co. v. City of Thibodaux, 1959, 360 U.S. 25, 79 S.Ct. 1070, 1072, 3 L.Ed.2d 1058. There the Supreme Court held that the federal district court properly stayed proceedings until the state court could interpret the act in question. The Court said in part:

"We have increasingly recognized the wisdom of staying actions in the federal courts pending determination by a state court of decisive issues of state law. Thus in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 499, 61 S.Ct. 643, 644, 85 L.Ed. 971, it was said:

"'Had we or they [the lower court judges] no choice in the matter but to decide what is the law of the state, we should hesitate long before rejecting their forecast of Texas law. But no matter how seasoned the judgment of the

---

1. Subsequent legislation in Nebraska, upheld by the Supreme Court, amended retroactively the penalty provision of the Nebraska Installment Sales Act. See Davis v. General Motors Acceptance Corporation, 1964, 176 Neb. 865, 127 N.W.2d 907.

district court may be, it cannot escape being a forecast rather than a determination.'

On the other hand, we have held that the mere difficulty of state law does not justify a federal court's relinquishment of jurisdiction in favor of state court action. Meredith v. City of Winter Haven, 320 U.S. 228, 236, 64 S.Ct. 7, 11, 88 L.Ed. 9. But where the issue touched upon the relationship of City to State, City of Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355, or involved the scope of a previously uninterpreted state statute which, if applicable, was of questionable constitutionality, Leiter Minerals, Inc., v. United States, 352 U.S. 220, 229, 77 S.Ct. 287, 292, 1 L.Ed. 2d 267, we have required District Courts, and not merely sanctioned an exercise of their discretionary power, to stay their proceedings pending the submission of the state law question to state determination." (360 U.S. 27–28, 79 S.Ct. 1072).

See also England v. Louisiana State Board of Medical Examiners, 1964, 375 U.S. 411, 415, 84 S.Ct. 461, 11 L.Ed.2d 440, where the Court said, "Abstention is a judge-fashioned vehicle for according appropriate deference to the 'respective competence of the state and federal court systems.' (citing Thibodaux). Its recognition of the role of state courts as the final expositors of state law implies no disregard for the primacy of the federal judiciary in deciding questions of federal law."[2]

The question of the proper application of the "abstention doctrine" arises most frequently in cases presenting multiple problems, "some to be resolved according to state law and some by federal rule". See Kurland, "Toward a Cooperative Judicial Federalism", 24 F.R.D. 481, 487. Professor Kurland states further, "The difficulties would be simple of resolution if all cases presented either federal questions or State questions". Here we have a case where the sole question is the construction of a state statute under the Constitution of Montana.

The "abstention doctrine" has been recognized by the Court of Appeals of the Ninth Circuit in at least two cases, Mach-Tronics, Inc. v. Zirpoli, 1963, 316 F.2d 820, 826, and United States v. City of Tacoma, 1964, 330 F.2d 153, 156, although in each of these cases the court held that none of the suggested bases for abstention could be found under the facts presented. In Zirpoli, the court called attention to the case of Railway Comm. of Texas v. Pullman Co., supra, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, where the directed abstention was for the "purpose of permitting a determination through appropriate proceedings in the state courts as to the meaning and interpretation of the state statute", and where there was "a substantial constitutional issue".[3]

As noted supra, this case does involve the interpretation of a state stat-

---

2. In a footnote, the Court explains the doctrine further as follows:

"The doctrine contemplates only 'that controversies involving unsettled questions of state law [may] be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions,' City of Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 640, 79 S.Ct. 455, 456, 3 L.Ed.2d 562; 'that decision of the federal question be deferred until the potentially controlling state-law issue is authoritatively put to rest,' United Gas Pipe Line Co. v. Ideal Cement Co., 369 U.S. 134, 135–136, 82 S.Ct. 676, 677, 7 L.Ed.2d

623; 'that federal courts do not decide questions of constitutionality on the basis of preliminary guesses regarding local law,' Spector Motor Service, Inc., v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101, 'that these enactments should be exposed to state construction or limiting interpretation before the federal courts are asked to decide upon their constitutionality.' Harrison v. NAACP, 360 U.S. 167, 178, 79 S.Ct. 1025, 1031, 3 L.Ed. 2d 1152." (375 U.S. at 416, 84 S.Ct. at 465).

3. See also Struthers v. Robertson Lumber Company, D.Minn.1959, 173 F.Supp. 204, and cases there cited.

ute and a substantial constitutional issue. It is my conclusion that it is a proper case for application of the abstention doctrine. It may be that plaintiff will decide to dismiss this action and proceed in state court; or that one or both parties may seek a declaratory judgment. In any event, no further action will be taken in this court pending determination of the constitutional question by the Supreme Court of Montana.