BLUE FLAME GAS ASSOCIATION, A NONPROFIT CORPORATION, APPELLANT, V. McCOOK PUBLIC POWER DISTRICT, A PUBLIC CORPORATION, ET AL., APPELLEES.

186 N. W. 2d 498

Filed April 23, 1971. No. 37723.

James D. Conway, Elmer J. Jackson, and Wade Stevens, for appellant.

Lyons, Wood & Carroll, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an action by plaintiff, Blue Flame Gas Association for an injunction against the defendant, McCook

Public Power District, to enjoin alleged violations of the Unfair Sales Act of Nebraska. A temporary injunction against the defendant was modified and thereafter a demurrer by the defendant was sustained.

The evidence and testimony at the hearing on the temporary injunction is included in the bill of exceptions and is part of the record here. The plaintiff is a nonprofit Nebraska corporation whose members engage in the sale of natural gas and liquefied petroleum gas at wholesale and retail in various parts of Nebraska. The defendant is a public corporation and political subdivision of the State of Nebraska engaged in the purchase, transmission, and sale of electrical energy at retail to customers in its service area comprised of portions of Gosper, Frontier, Hayes, Hitchcock, Lincoln, and Red Willow Counties, Nebraska. It serves rural customers almost exclusively.

The defendant purchased its wholesale power from the Nebraska Public Power System. The contract contained a demand provision, sometimes referred to as a penalty ratchet clause. This provision required the defendant in each month of the year to pay for at least 70 percent of the amount of electric energy used in its peak demand month, which was August. In the winter months particularly, the defendant was required to pay for wholesale energy for which it did not have a retail demand.

In the late spring of 1969, the defendant by advertisements offered to install a complete electric heating system in any home in its service area free upon the agreement of the customer to heat his home electrically for 5 calendar years. The equipment became the property of the customer after he had used it for the required 5 years, but if he failed to fulfill the agreement, the district had the right to remove the equipment. The defendant's objective was to stimulate the use of electricity in the winter months when the wholesale power contract required it to pay for electricity even though

it was not needed or used by retail customers. The offer was open to customers until July 1, 1969.

In the spring and summer of 1969, the defendant had 1,467 domestic customers in its service area. Prior to the offer, 57 of these customers had used electric heating. One hundred fifteen customers signed contracts during the time the offer was open. By late August 1969, 23 of the new installations had been completed and 7 were partially completed. The balance had not been started. The average cost of material on those completed was $450.75 and the average labor cost was $191.98. There was no evidence as to the amount of electricity ordinarily required for domestic heating nor as to the quantity of electricity purchased by defendant but previously unsold during the winter months.

The petition alleged that defendant's actions were intended to divert trade from other heating fuels and were contrary to the Unfair Sales Act. §§ 59-1201 to 59-1206, R. R. S. 1943. Irreparable damage was alleged. The district court initially granted a temporary injunction and after a hearing it was dissolved except as to future advertising. Thereafter the court sustained the defendant's demurrer. The basis was unconstitutionality of subsections (5) and (6) of section 59-1202, R. R. S. 1943, of the act. Those provisions were held to be nonseverable and the act was therefore declared unconstitutional.

The Unfair Sales Act, broadly speaking, provides that any advertising, offer to sell, or sale of any merchandise at less than cost as defined in the act with the intent or effect of inducing the purchase of other merchandise or of unfairly diverting trade from a competitor, is unfair competition and contrary to public policy. The act is civil in nature with the right to recover damages extended to persons damaged by a violation, including trade associations. §§ 59-1201 to 59-1206, R. R. S. 1943.

Section 59-1202, R. R. S. 1943, contains the critical definitions of terms. Subsection (5) of that section reads: "The term cost to the retailer as defined in subsection

(1) hereof, means bona fide costs; and purchases made by retailers at prices which cannot be justified by prevailing market conditions within this state shall not be used in determining cost to the retailer." Subsection (6), in essentially identical words, applies to wholesalers.

The district court held that those particular provisions were so vague, general, and indefinite as to be incapable of practical application and therefore arbitrary and unreasonable. The plaintiff relies on the fact that the Unfair Sales Act was held to be constitutional by this court in Hill v. Kusy, 150 Neb. 653, 35 N. W. 2d 594 (1949). In that case, however, the particular provisions under attack here were not challenged nor were they considered by the court. A holding by this court that an act of the Legislature is constitutional or unconstitutional determines its validity only on the questions considered and determined by the court. Silence by the court does not have the effect of validating a section of the act not brought in issue and not determined by the court. Stanton v. Mattson, 175 Neb. 767, 123 N. W. 2d 844.

The specific provisions challenged here have been considered by several courts. So far as we can determine, whenever the constitutionality has been challenged on the ground of vagueness, generality, and indefiniteness, it has on each occasion been held void. See, Avella v. Almac's Inc., 100 R. I. 95, 211 A. 2d 665 (1965); McIntire v. Borofsky, 95 N. H. 174, 59 A. 2d 471; Daniel Loughran Co., Inc. v. Lord Baltimore Candy & Tobacco Co., Inc., 178 Md. 38, 12 A. 2d 201; State v. Walgreen Drug Co., 57 Ariz. 308, 113 P. 2d 650; State v. Consumers Warehouse Market, Inc., 183 Kan. 502, 329 P. 2d 638.

The challenged provisions set no standards for determining prices which are "justified by prevailing market conditions within this state." Such prices are not ordinarily susceptible of consistent, accurate determination. It is equally possible that prevailing marketing conditions may be greatly different in different localities of the state. A retailer should not be required to speculate

or guess as to which price he may use in determining "costs." We therefore hold that the provisions of subsections (5) and (6) of section 59-1202, R. R. S. 1943, are so indefinite and uncertain as to be arbitrary and unreasonable and are, therefore, unconstitutional and invalid.

The effect of that invalidity on the entire act remains to be determined. The Nebraska Unfair Sales Act contains no severability clause. In most of the states in which this particular provision has been declared unconstitutional, there was a severability clause. In those states, the courts held that the invalid provision was, therefore, separable and did not affect the remainder of the act.

In Maryland, however, there was no severability clause and the court's comment is appropriate here. The court said: "It is apparent that this provision, relating to the method of computing cost, is a vital part of the foundation of the legislative structure; and therefore, without regard to the other provisions, if it be held unconstitutional by reason of the uncertainty of its application, and its potential inequities, the other sections die with it. Such clauses sometimes cause more mischief than they were intended to avoid." Daniel Loughran Co., Inc. v. Lord Baltimore Candy & Tobacco Co., Inc., *supra*.

In recent years, efforts to regulate or control prices have been subjected to increasing scrutiny by courts and lawmakers as well as by the purchasing public. Without indicating any views as to the legal advisability of such legislation, we hold, as did the district court, that subsections (5) and (6) of section 59-1202, R. R. S. 1943, are an essential part of the method of computing cost set out in the Unfair Sales Act and that act is therefore unconstitutional.

The remaining contention of the plaintiff is that the actions of the defendant involved the giving of credit of the State of Nebraska in violation of the Constitution. This contention is untenable on the facts before us.

The action of the district court was correct and the judgment is affirmed.

AFFIRMED.