FRATERNAL ORDER OF POLICE, OMAHA LODGE NO. 1, INCORPORATED, A NEBRASKA NONPROFIT CORPORATION, APPELLEE, v. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLANT.

261 N. W. 2d 106

Filed January 4, 1978. No. 41242.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellant.

William E. Naviaux of Corrigan, Naviaux, Kinney & Titus, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This action arises from an order of the Nebraska Liquor Control Commission denying the application of the Fraternal Order of Police, Omaha Lodge No. 1, Incorporated, a Nebraska nonprofit corporation, for a Class H liquor license for its lodge premises in Omaha, Nebraska. A protest objecting to the granting of the license was filed with the commission. Pursuant to the pertinent provisions of the statutes, an administrative hearing was set by the commission, and the applicant was given notice of the time

and place of hearing and the issues to be met, which were stated as follows:

"1. The propriety of issuing an alcoholic liquor license that will be controlled by law enforcement officers.

"2. The eligibility of an association composed of police officers who have an interest in said license, all as prohibited by Section 53-194.01 and 53-194.02."

The hearing was held, representatives of the applicant appeared, and evidence was received. Thereafter the commission made its findings and order denying the application upon both of the grounds stated in the protest. The applicant appealed from the order of denial to the District Court for Douglas County. The court held that section 53-194.01, R. R. S. 1943, was unconstitutional because it was vague and indefinite. It further held that the action of the commission was arbitrary and unreasonable and ordered the commission to issue the license. From that order the commission appeals to this court. We reverse the judgment of the District Court and direct reinstatement of the order of the commission.

Section 53-194.01, R. R. S. 1943, provides as follows: "No law enforcement officer shall have any interest in an establishment or place of business which has a liquor license.

"This section shall not prohibit a law enforcement officer from holding a membership in any nonprofit organization holding a liquor license. Such officer shall not participate in any manner in the management or administration of the nonprofit organization." Section 53-194.02, R. R. S. 1943, provides the penalty for violation of the preceding section.

The record establishes that the Fraternal Order of Police, Omaha Lodge No. 1, Incorporated, is a nonprofit corporation and part of the national organization of the Fraternal Order of Police. The membership of the applicant lodge consists of active police officers, retired police officers, and associate mem-

bers who are not police officers. The Omaha lodge has 580 active members who are either police officers or retired police officers of the Omaha police department and 300 associate members. About 83 percent of the Omaha police department are active members of the local lodge. The lodge has some insurance benefits for its police members and has given financial assistance to police officers, their families, and widows and children of deceased police officers. The lodge is governed by its officers and a board of directors, all of whom are active members of the lodge. The present lodge officers include a president, a vice president, and a secretary-treasurer, all of whom are active members of the Omaha police department. At least one member of the board of directors is an active police officer. The status of the other members of the board of directors, whether active or retired police officers, is not shown by the record.

The record establishes that the executive board (apparently consisting of the officers and the board of directors) enacted a resolution as follows: "RESOLVED, that the following named individuals, being either retired law enforcement officers or associate members of the corporation are hereby appointed to a Special Board to administer, oversee, manage and be responsible for the proposed lodge premises at 1102 South 7th Street and also to assume responsibility for compliance with any and all local, state or federal regulations in regard to the operation of the lodge." Then appear the names of the six members of the committee. Two of the members of the building committee testified before the commission. It is clear from that testimony and other evidence that the committee serves at the pleasure of the executive board.

The applicant's position that section 53-194.01, R. R. S. 1943, is unconstitutional is founded upon two claims. The first is that since the term "law en-

forcement officer" is not defined in the statute, it has no definite and certain meaning and therefore is void for vagueness. The applicant argues that the term might include prosecutors, special deputies, enforcement officers for administrative agencies, and national guardsmen who are called to duty in case of emergency. The applicant, however, concedes, as it must, that active members of the Omaha police department are law enforcement officers within the meaning of the statute, however the term is defined. Whatever may be the limits of the definition of law enforcement officers, it clearly includes active police officers. See section 81-1401(3), R. R. S. 1943, which defines a "law enforcement officer" for purposes of the act establishing the Nebraska Law Enforcement Training Center. The applicant has no standing to challenge the constitutionality on the ground of vagueness. Some of its officers and directors are clearly within the terms of the statute. One, whose conduct a statute clearly governs, may not challenge the statute's constitutionality on the ground that it is not clear whether or not the statute applies to others. State v. Shiffbauer, 197 Neb. 805, 251 N. W. 2d 359; Blackledge v. Richards, 194 Neb. 188, 231 N. W. 2d 319.

The applicant's second premise is that to deny to law enforcement officers as a class the right to have an interest in, or participate in, the management of a nonprofit corporation organized on a fraternal basis simply because it has a liquor license is an arbitrary and unreasonable classification having no reasonable relationship to the objects of the legislation.

The significant portion of the statute in the context of the present case is the second paragraph: "This section shall not prohibit a law enforcement officer from holding a membership in any nonprofit organization holding a liquor license. Such officer shall not participate in any manner in the management or administration of the nonprofit organization." § 53-

194.01, R. R. S. 1943. The undisputed facts show that the officers of the nonprofit organization are all active police officers and at least one of the directors is as well. Thus, if the statute is constitutional, its terms would be violated by the officers if the organization held a liquor license. The applicant has sought to avoid the statute by the appointment of a board consisting entirely of retired police officers and associate members to "assume responsibility for compliance with any and all local, state or federal regulations in regard to the operation of the lodge." Such a board is obviously an agent of the lodge and is subject to removal and appointment by the officers and the executive board which consist in part of active police officers. It is elementary that ordinarily one cannot do through an agent that which he is prohibited from doing personally. The statute cannot be avoided in this manner.

We now turn to the classification question. The evident object of the statute is to prohibit conflicts of interest on the part of those who have some responsibility for enforcing the laws of the state relating to alcoholic liquors. The Legislature has determined that law enforcement officers may not participate in the management or administration of nonprofit organizations which have liquor licenses. Avoiding possible conflicts of interest in this way is not an invidious discrimination prohibited by the equal protection clauses of the state and federal Constitutions. Bali Hai', Inc. v. Nebraska Liquor Control Commission, 195 Neb. 1, 236 N. W. 2d 614. We cannot say that the classification is wholly arbitrary or has no reasonable relationship to the object sought to be attained by the legislation. See Safeway Stores, Inc. v. Nebraska Liquor Control Commission, 179 Neb. 817, 140 N. W. 2d 668. The applicant argues that other nonprofit fraternal organizations such as Elks, Moose, Eagles, etc., have liquor licenses. True, but even so the statute prohibits law enforcement offi-

cers from participating in the management or administration of these nonprofit organizations which have a liquor license. The statute by its terms does not apply just to the management of some nonprofit organizations. The statute controls directly only the activities of the officers, not of the nonprofit corporation. The organization is affected only because it has officers, or directors, or managers, who are law enforcement officers.

Since the record establishes that law enforcement officers participate in the management and administration of the applicant within the meaning of the statute, the order of the commission is justified and is supported by the evidence. Since this is so, we need not examine the other grounds stated by the commission.

REVERSED.