REQUESTED BY: Colonel C. P. Karthauser, Superintendent, Nebraska State Patrol.
Can a law enforcement officer participate in the management of an organization possessing a liquor license to the extent of holding an elective or appointive office?
No.
The Nebraska Legislature in 1973 by enacting Legislative Bill 315 established a general prohibition against law enforcement officers having an interest in establishments or places possessing liquor licenses. This prohibition which has been codified at section 53-194.01, R.R.S 1943, provides as follows:
 "No law enforcement officer shall have any interest in an establishment or place of business which has a liquor license.
 "This section shall not prohibit a law enforcement officer from holding a membership in any nonprofit organization holding a liquor license. Such officer shall not participate in any manner in the management or administration of the nonprofit organization."
Recently the Nebraska Supreme Court had occasion to review the constitutionality of this section. In the case ofFraternal Order of Police v. The Nebraska Liquor ControlCommission, 199 Neb. 712, ___ N.W.2d ___ (January 4, 1978), in reaching the conclusion that the statute was constitutional, the court stated in part:
 ". . . The Legislature has determined that law enforcement officers may not participate in the management or administration of nonprofit organizations which have liquor licenses. . . We cannot say that the classification is wholly arbitrary or has no reasonable relationship to the object sought to be attained by the legislation. . . The applicant argues that other nonprofit fraternal organizations such as Elks, Moose, Eagles, etc., have liquor licenses. True, but even so the statute prohibits law enforcement officers from participating in the management or administration of these nonprofit organizations which have a liquor license. The statute by its terms does not apply just to the management of some nonprofit organizations. The statute controls directly only the activities of the officers, not of the nonprofit corporation. The organization is affected only because it has officers, or directors, or managers, who are law enforcement officers."
We would be of the opinion that law enforcement officers therefore may not participate in any manner, even indirectly, in the management of an organization which holds a liquor license. We would believe this would be true with respect to such law enforcement officers holding any elective or appointive office in such organizations where such a position carries with it managerial duties or responsibilities of any kind. The only possible exception might be where the position was purely ceremonial and did not entitle the holder to a vote or to participation in any of the managerial decisions.
In reaching this conclusion, we are not unmindful of Opinion No. 80 dated July 30, 1973, in which we were of the opinion that a law enforcement officer could hold an office if such an office was not related to the management of the liquor portion of the organization's activities. In light of the broad language of the Supreme Court's decision inFraternal Order of Police, supra, we hereby withdraw that previous opinion and adopt the position stated herein.