REQUESTED BY: Dear Senator Nichol:
This is in response to your request for an opinion concerning the constitutionality of the classification which would be established by LB 93. You stated that `. . . the purpose of LB 93 is to allow governing bodies of city and villages which furnish certain utilities to establish rates for services which are less than the standard rates, for elderly people. . . .'
The class which would be established by LB 93 consists of elderly persons whose income is below a certain level. Elderly persons for purposes of the act are defined as: (1) those persons who are sixty-two years of age or older and are drawing social security or railroad retirement benefits, and (2) all persons who are sixty-five years of age and older. To be a member of the class, the elderly must have an income which is less than a minimum income level determined by the governing board of the city or village to be necessary to enable such persons to pay the standard rate for utilities.
The state may prescribe reasonable rates to be charged by public service companies. 16A C.J.S. ConstitutionalLaw § 519, p. 379-382. Where there is a rational basis of the distinction, a particular patron may be exempted from charges. Id. at 381. For example, a statute providing for free or reduced transportation for certain classes of persons is not invalid as denying equal protection of the laws where there is a reasonable ground for the classification and the law affects equally all persons similarly situated under similar circumstances.
Id. at 382; see, State ex rel. Sourenson v. ChicagoB Q Railroad Company, 112 Neb. 248, 199 N.W. 534 (1924). While it is not required that a classification do perfect justice under all circumstances, the classification must be reasonable and it cannot arbitrarily allow different rates for different consumers. 64 Am.Jur.2d, Public Utilities,
§ 117, p. 643.
The issue of whether low income elderly persons constitutes a reasonable classification has been considered by courts in other jurisdictions, albeit in a different context. In State ex rel Harvey v. Morgan, 30 Wis.2d 1,139 N.W.2d 585 (1966), an income tax credit for elderly needy persons was challenged in part on equal protection grounds. The court rejected the argument that the statute was unconstitutional because it discriminated against other younger needy persons. The court stated that the fact that the legislature in the exercise of a proper police power function did not attempt to alleviate all the evils of poverty in a single legislative act did not render the classification unreasonable. The classification of needy elderly persons living on fixed incomes has also been upheld in other cases.Property Owners Association v. Township of North Bergen,74 N.J. 327, 378 A.2d 26 (1977) (ordinance found unconstitutional on other grounds); Grubb Inc. v. Iowa Housing FinanceAuthority, 255 N.W.2d 89 (Iowa, 1977). See,
45 A.L.R.3d 1153.
Assuming that the legislature may single out elderly needs persons for special treatment, the issue becomes whether the classification created by LB 93 is constitutionally permissible. A substantial constitutional question is presented because the criteria employed in LB 93 results in the establishment of an underinclusive class. There may be persons between the ages of 62 and 65 who are living on fixed minimum incomes but who are not eligible for social security or railroad benefits. Although such persons appear to be within the articulated purpose of this legislation, they are excluded from the class entitled to beneficial treatment because of the criteria employed to define the class.
In Botsch v. Reisdorff, 193 Neb. 165, 226 N.W.2d 121
(1975), the court considered the issue of whether a statutory classification was constitutionally permissible under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The court stated:
 "The test, . . . when a state statute operates to single out a class of people for special treatment, is whether the suspect classification bears some rational relationship to the legitimate purposes of the legislation. In Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), a very recent case, the United States Supreme Court said: `In the area of economics and social welfare, a State does violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some `reasonable basis,' it does not offend the Constitution simply because the classification `is not made with mathematical nicety or because in practice it results in some inequality. * * * The problems of government are practical ones and may justify, if they do not require, rough accommodations illogical, it may be, and unscientific. * * * A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. * * * But the Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all. * * * It is enough that the State's action be rationally based and free from invidious discrimination.'. . ." Id. at 169-170.
It is difficult to predict with any degree of certainty whether our courts would hold that the classification of low income persons between the ages of 62 and 65 who are receiving social security or railroad retirement benefits is reasonably related to the legislative purpose. There appears to be no rational justification for denying beneficial treatment to other persons of that age living on a low fixed income. However since the social security system encompasses the vast majority of retired persons, it may be a reasonable criteria. As noted above, a classification is not unconstitutional because it is imprecise or because in practice it results in some inequality.
All laws adopted by the Legislature are presumed to be constitutional. While the underinclusive classification created by LB 93 raises a difficult question, in our opinion it is probably constitutionally permissible.
Although not specifically mentioned in your request for an opinion, LB 93 also poses problems involving vagueness and ambiguity, particularly in the computation of the income standard. For example, without statutory guidelines it is unclear how the standard is affected by two or more elderly persons living together and sharing utility costs. In other words, it is unclear whether the income standard is calculated by the use of the family income or the income of the person in whose name the utilities are charged. Further, there are no statutory guidelines to determine the income standard in a family where one person is within the classification and another is excluded. Such problems would at least render the provisions difficult to administer and possibly subject to challenge as being unconstitutionally vague. See generally, Blue Flame Gas Assn. v. McCook PublicPower District, 186 Neb. 735, 186 N.W.2d 498 (1971).