REQUESTED BY: Dear Senator Kelly:
You have referred to us for our examination LB 221 and directed our specific attention to section 23 wherein it is proposed that the term `minor' defined in section 53-103, R.R.S. 1943, be amended to refer to persons under twenty-one years of age, rather than the present nineteen years of age and to provide for the following exception:
 ". . ., except that any person who was nineteen years of age or older on the effective date of this act shall not be deemed to be a minor."
You specifically asked whether in our opinion this exception violates any constitutional provisions. In our opinion it does not.
The question is basically one of the validity of the creation of a separate classification of persons, i.e., those persons nineteen years of age on a day certain as opposed to those who will turn nineteen on all subsequent days.
The Nebraska Supreme Court has historically held that while it is competent for the Legislature to classify, the classification to be valid must rest upon some reason of public policy or some substantial difference of situation or circumstances that would naturally suggest the justice or expediency of diverse legislation with respect to the objects classified. See in this regard generally, Althaus v.State, 94 Neb. 780, 114 N.W. 799 (1913).
More recently, the Nebraska court has held that legislative classifications such as are proposed here, must rest upon real differences of situation and circumstances surrounding the members of the class relative to the subject of legislation which render appropriate its enactment. UnitedStates Cold Storage Corporation v. Stolinski, 168 Neb. 513,96 N.W.2d 408 (1959).
While we take no position on the question of the appropriateness or the desirability of such a classification, we believe the circumstances exist and arguments can be made which could serve to form a valid basis for such a classification. The question before any court on review would not be the propriety of such an act, but whether or not there were circumstances and distinctions which could serve as the basis for classifying these two groups of persons differently.
Therefore in conclusion, while we express no opinion on the desirability of such an amendment creating such an excepted class, we believe that such a distinction can be constitutionally drawn by the Legislature. If we can be of further assistance to you in this regard, please let us know.