REQUESTED BY: Dear Senator George:
In your letter of April 2, 1979, you call our attention to the provisions of Legislative Bill 176 and Legislative Bill 250 and raise two specific questions. Your first question is whether or not the Legislature can create two classes of persons, one group being owners of property located within a city's limits who actually reside within those same city limits and the other group being owners of property located within a city's limits who do not reside within those same city limits, and can these two groups be treated differently by the laws pertaining to street improvements.
It has long been the rule in this state that a legislative classification such as that described in your question must rest upon real differences of situation and circumstances surrounding the members of the class relative to the subject to legislation which render appropriate its enactment. United States Cold Storage Corp. v. Stolinski,168 Neb. 513, 96 N.W.2d 408 (1959).
As early as 1913 the Nebraska Supreme Court stated the rule that while it is competent for the Legislature to classify, the classification to be valid must rest upon some reason of public policy or some substantial difference of situation or circumstances that would naturally suggest the justice or expediency of diverse legislation with respect to the objects classified. Althouse v. State, 94 Neb. 780,144 N.W. 799 (1913).
Finally, the Nebraska Supreme Court has stated that the Legislature may legislate with regard to a class of persons but they cannot take what may be termed a natural class of persons, split that class in two, and then arbitrarily designate the dissevered fractions of the original unit as two classes and enact different rules for the government of each. See, for example, in this regard, United CommunityServices v. The Omaha National Bank, 162 Neb. 786,77 N.W.2d 576 (1956).
Therefore, it is difficult to answer with certainty whether or not the Legislature may create a classification such as you describe in your question. If, as set out above, there is a rational basis for doing so, then most likely the Supreme Court would rule the classification proper. If, on the other hand, the distinction is merely an arbitrary one, the court would no doubt be of a contrary opinion. We would suggest in passing that if the Legislature is intent upon creating such a classification, that it establish in the form of legislative history the reason why it feels such a classification resulting in dissimilarity of, as in this case, the treatment of resident or nonresident landowners, is necessary.
It may be that a valid basis can be established for treating resident landowners differently than nonresident landowners within the context of the establishment of street improvement districts and the assessment of costs therefor.
Inasmuch as you have not furnished us any specific legislative intent in this regard, it is most difficult for us to determine with any degree of finality the acceptability or nonacceptability of such a distinction. We are generally, however, of the opinion that such a classification and distinction can be drawn lawfully by the Legislature if the requirements set out above are met.
You also ask whether or not a city, after making such street improvement, must establish that an adjacent property owner has been benefited by the improvement before an assessment can be made against him for that improvement. We are aware of no principle of law which requires a municipality to prove by some quantum of evidence that an improvement such as a street improvement `benefits' the adjacent landowners. In fact, we believe that opposite would be a more correct statement of the law, i.e., that an `improvement' would be presumed to be beneficial to adjacent landowners and that to avoid an assessment for such, the landowner would have the burden of conclusively establishing the contrary. See in this regard, generally, Chicago St.P., M. O. Ry. Co. v. City of Randolph, 163 Neb. 687,81 N.W.2d 159 (1957).
If we can be of further assistance to you on these matters, please let us know.