REQUESTED BY: Dear Senator Newell:
You have called to our attention Legislative Bill 484 and raised certain questions about its constitutionality. Legislative Bill 484 originally repealed the entirety of section 23-1736, R.R.S. 1943. However, after a number of amendments the measure now amends that section and if we have followed the various amendments correctly that section, if amended as proposed, would read:
 "(1) No person serving in the classified service under sections 23-1721 to 23-1737 shall actively participate in any campaign conducted by any candidate for public office while on duty; while in uniform; or if such person identifies himself or herself as a member of the sheriff's department except that a person who is a candidate for public office may identify himself or herself as a member of the sheriff's department.
 "(2) No deputy sheriff shall participate by contributing funds, personal services, or otherwise, in any campaign conducted by any candidate for sheriff in the county in which the deputy is employed, unless such deputy sheriff is a candidate for sheriff."
Your first question concerns whether or not the Legislature may constitutionally create a class of persons, i.e., deputy sheriffs who may not participate fully in the political processes while at the same time impose no such restriction upon members of the general public or other law enforcement officers.
We are aware of no decision from a court in this jurisdiction addressing this subject specifically. Generally speaking with few exceptions, courts have consistently upheld the authority of a state or the federal government to limit the political activity of public employees. See for example, United States Public Workers of America v.Mitchell, 330 U.S. 75; Oklahoma v. United States CivilService Commission, 330 U.S. 127; National Association ofLetter Carriers, AFL-CIO v. United States Civil Service Commission,413 U.S. 548; and, Broadrick v. Oklahoma,413 U.S. 601.
The Supreme Court of Nebraska did consider a challenge to section 53-194.01, R.R.S. 1943, which prohibited law enforcement officers from having an interest in establishments or businesses possessing liquor licenses. The court there held that it was constitutional for the Legislature to prohibit law enforcement officers from having a beneficial interest in such an establishment rationalizing that law enforcement officers had a duty and obligation to enforce all laws including liquor laws and that the Legislature's attempt there to eliminate any possible conflict of interest was not so discriminatory so as to be violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Fraternal Order of Police v.Nebraska Liquor Control Commission, 199 Neb. 712,261 N.W.2d 106 (1978).
More directly on point the City of Cleveland had an ordinance essentially the same as section 23-1736, R.R.S. 1943, prior to the proposed amendment and the federal court in McNea v. Carey, 434 F. Supp. 95, after recognizing the City of Cleveland's interest in restricting political conduct of its police officers and recognizing the necessity of maintaining the practice and appearance of impartial law enforcement found such a restriction to be constitutional. It does not appear that there was an issue in that case concerning whether or not some kinds of police officers could be restricted while others were not.
It is difficult to say with certainty how the Nebraska Supreme Court would rule in this case but we can say that such a prohibition would be more easily defended against a constitutional attack if it applied to all law enforcement officers rather than to just deputy sheriffs. This would be true of course unless there is some rational basis for distinguishing deputy sheriffs from all other law enforcement officers. With respect to legislative classification generally, the Supreme Court of Nebraska has ruled that such classifications must rest upon real differences of situation and circumstances and must effect the purpose for which their enactment was deemed appropriate. United States ColdStorage Corporation v. Stolinski, 168 Neb. 513,96 N.W.2d 408 (1959).
Our court has also consistently been of the opinion that the Legislature may classify but to validly do so, such classifications must rest upon public policy or some substantial difference of situation such as would naturally suggest such diverse treatment of otherwise similar groups.Althaus v. State, 94 Neb. 780, 144 N.W. 799 (1913).
Finally, our court has held that the Legislature may legislate classes of persons but they cannot take what may be termed a natural class of persons split that class in two and then arbitrarily enact different rules for the government of each. United Community Services v. The Omaha NationalBank, 162 Neb. 786, 77 N.W.2d 576 (1956).
With regard to your question concerning the validity of such a classification therefor, we are of the opinion that the Legislature most certainly can treat those persons charged with the responsibility of enforcing the laws differently than ordinary citizens where general rights to participate in the electoral process and, specifically, to campaign are concerned. We are not prepared to say without reservation however that our Supreme Court would find valid a distinction which would treat deputy sheriffs differently from all other types of law enforcement officers.
You also ask whether or not the provisions of this bill would infringe upon a deputy's freedom to associate and to contribute to campaigns of their choice. There is no question that the language as proposed would infringe upon deputy sheriffs' ability to do those things. It is not so clear that deputy sheriffs have an absolute or fundamental right to do such however or that prohibiting such activity is unconstitutional.
Many activities and types of conduct have become associated with freedom, i.e., freedom of speech, freedom of the press, etc. Most of these freedoms are derived from theFirst Amendment to the United States Constitution. However as you know, none of these rights or freedoms are absolute or are without limitations. The classic example which comes to mind is a person being prohibited from yelling `fire' in a crowded theater in spite of his First Amendment `right' to free speech.
Therefore, while we are of the opinion that the provisions of this measure would most certainly infringe upon a deputy's ability to do certain things, we are not of the opinion that limiting a law enforcement officer from so associating or so contributing is unreasonable or arbitrary or is therefore violative of any constitutionally protected right. We do however, qualify this conclusion to the extent we were apprehensive with respect to your first question that is apprehensive about this constitutionality where it is applicable only to certain categories of law enforcement officers.
If we can be of further assistance to you in your deliberation of this matter, please let us know.